LAWRENCE HANFGARN, Respondent, *v.* GEORGE MARK, Appellant.

Argued March 2, 1937; decided April 27, 1937.

*Jesse C. Rogers* and *Samuel Binder* for appellant. The Legislature, by the exercise of its police power, had the right to abolish causes of action for alienation of affections and criminal conversation as a matter of public policy. (*Munn* v. *Illinois,* 94 U. S. 113; *Fearon* v. *Treanor,* 272 N. Y. 268; *Noble State Bank* v. *Haskell,* 219 U. S. 104; *Holden* v. *Hardy,* 169 U. S. 366; *Biddles, Inc.,* v. *Enright,* 239 N. Y. 354.) The processes of law in the spirit of a modern society have abolished the inequality of rights between the sexes. (*Oppenheim* v. *Kridel,* 236 N. Y. 156; *Doe* v. *Roe,* 82 Me. 503; *Moulin* v. *Monteleone,* 165 La. 169; *Larisa* v. *Tiffany,* 42 R. I. 148.)

*Reese D. Alsop* for himself and others, *amici curiæ.* The rights involved are incidents of the marital relation, and the power of the Legislature over this relation and all its incidents cannot be questioned. (*Maynard* v. *Hill,* 125 U. S. 190; *Milwaukee County* v. *White Co.,* 296 U. S. 269; *Home Bldg. & Loan Assn.* v. *Blaisdell,* 290 U. S. 398; *Baker* v. *Kilgore,* 145 U. S. 487; *State* v. *Tutty,* 41 Fed. Rep. 753; *Peterson* v. *Wydule,* 157 Wis. 641; *Tipping* v. *Tipping,* 82 Fed. Rep. [2d] 828; *Meister* v. *Moore,* 96 U. S. 76; *Baumann* v. *Baumann,* 250 N. Y. 382.) The Legislature is competent in the exercise of its police power to abolish common law rights and causes of action. (*People* v. *Brengard,* 265 N. Y. 100; *Munn* v. *Illinois,* 94 U. S. 113; *Truax* v. *Corrigan,* 257 U. S. 312; *Jensen* v. *Southern Pacific R. R. Co.,* 215 N. Y. 514; *N. Y. C. R. R. Co.* v. *White,* 243 U. S. 188; *Mountain Timber Co.*

v. *Washington*, 243 U. S. 219; *Crockroft* v. *Mitchell*, 101 Misc. Rep. 211; 187 App. Div. 189; *Silver* v. *Silver*, 280 U. S. 117; *Coler* v. *Corn Exchange Bank*, 250 N. Y. 136.)

*Edwin G. Jenkins* for respondent. The statute in so far as it relates to an action for alienation of affections and criminal conversation is unconstitutional. (*Baumann* v. *Baumann*, 250 N. Y. 382; *People* v. *Schweinler Press*, 214 N. Y. 395; *Matter of Stubbe* v. *Adamson*, 220 N. Y. 459; *Maynard* v. *Hill*, 125 U. S. 190; *Matter of People* [*Title & Mortgage Guar. Co.*], 264 N. Y. 69.)

Hubbs, J. In the case of *Fearon* v. *Treanor* (272 N. Y. 268) we decided that chapter 263 of the Laws of 1935 (Civil Practice Act, §§ 61-a, 61-i), which abolished civil actions to recover damages for alienation of affections, criminal conversation, seduction, and breach of promise to marry, is constitutional in so far as it applies to an action to recover damages for breach of promise to marry, but expressly limited our decision in that case to the issue then before us. In that case it was argued that the entire act was unconstitutional and void, as it deprived an injured person of a remedy for the enforcement of a property right existing at common law, and protected by the State Constitution. (N. Y. Const. art. I, §§ 1, 6, 16.)

We placed our decision upon the broad ground that the Legislature, in dealing with the subject of marriage, has plenary power, as marriage differs from ordinary common law contracts and is subject to control and regulation by the State.

We are now required to determine one of the questions expressly reserved in the decision of that case, that is, whether the statute is unconstitutional in so far as it abolishes the right of action to recover damages in an action for alienation of affections and criminal conversation. While the decision of the exact question was expressly reserved in that case, the opinion points the

way to the decision which we are required to make in this case.

An action to recover damages for breach of promise to marry is based upon an agreement preliminary to marriage and an action to recover damages for alienation of affections and criminal conversation is founded upon the marriage relation itself. Each has to do with the marriage status and each is subject to regulation and control by the State.

It has been expressly decided by the United States Supreme Court that marriage is not a contract within the meaning of the Federal Constitution which prohibits the States from impairing the obligation of contracts. (U. S. Const. art. I, § 10; *Maynard* v. *Hill*, 125 U. S. 190.)

Marriage has been frequently referred to as a contract in judicial opinions, by text-writers and in statutes. Nevertheless, it is not a common law contract as generally understood. It has some of the attributes of such a contract, but contains many elements foreign to a common law contract. It may be lawfully entered into by parties under twenty-one years of age. It cannot be dissolved by consent of the parties. After marriage, the State imposes duties and obligations upon the parties entirely outside of the marriage agreement. The relation entered into by the parties is regulated by the State.

" It partakes more of the character of an institution regulated and controlled by public authority, upon principles of public policy, for the benefit of the community." (*Wade* v. *Kalbfleisch*, 58 N. Y. 282, 284.)

Not being a common law contract, the relation may be regulated, controlled and modified and rights growing out of the relationship may be modified or abolished by the Legislature without violating the provisions of the Federal or State Constitution which forbid the taking of life, liberty or property without due process of law. (N. Y. Const. art. I, § 6; U. S. Const. Fourteenth Amendment.)

At common law, the rights which a husband had in the affection and society of his wife were frequently denominated a property right. (*Foot* v. *Card*, 58 Conn. 1.)

The same statement has often been reiterated in comparatively late judicial opinions. In view of the broad and almost unlimited extension of the rights of married women brought about by statutory enactments and social advancement, we think that no court in this State would decide that the rights which a husband has by virtue of the marriage relation constitute property rights. A wife is no longer the property of her husband in the eyes of the law and by the general acceptance of society.

It is urged by respondent that the statute is in violation of article I, section 16, of the State Constitution as the right of action existed at common law in the Colony of New York before the adoption of our first Constitution. That section provides: " Such parts of the common law * * * shall be and continue the law of this state, subject to such alterations as the legislature shall make concerning the same."

Article I, section 16, of the State Constitution does not prohibit the Legislature from correcting an evil growing out of the marriage relation by altering the provisions of the common law as it existed before the adoption of the Constitution. (*Munn* v. *Illinois*, 94 U. S. 113, 134; 21 Cornell Law Quarterly, p. 677; 22 Virginia Law Review [Part 1], pp. 205, 216.)

A decision to the contrary, if carried to its logical conclusion, would result in a stagnation of law and be directly in conflict with many decisions of this court.

It is suggested that if the Legislature has authority to abolish the action for alienation of affections, it may also lawfully abolish actions for libel, slander and certain other actions, and that a decision holding the statute in question valid will be so construed. That question is not now before the court and we express no opinion in regard to it. The decision now made should not be so construed. Neither do we express any opinion as to the validity of the statute in so far as it abolishes an action for seduction.

The order of the Appellate Division and that of the Special Term should be reversed and the motion to dismiss the complaint granted, with costs in all courts. The question certified should be answered in the negative. (See 274 N. Y. 570.)

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Orders reversed, etc.