[Civ. No. 17318.   Second Dist., Div. Three.   May 26, 1950.]

CHIYOKO IKUTA, Appellant, v. DR. SHUNJI K. IKUTA
et al., Defendants; MARY TAKATA, Respondent.

788

Hanifin & Sease for Appellant.

Stuart P. Fischer for Respondent.

SHINN, P. J.—The sole question presented by this appeal is the constitutionality of section 43.5 of the Civil Code which provides: "No cause of action arises for: (a) Alienation of affection. (b) Criminal conversation. (c) Seduction of person over the age of legal consent. (d) Breach of promise of marriage."

Appellant's complaint alleged six causes of action. The first, fourth, fifth and sixth counts were for divorce and other relief on the ground of extreme crulty. Respondent Takata was named as a defendant only in respect of the second and third counts. The second alleged acts of adultery by plaintiff's husband with respondent as a ground of divorce. The third attempted to state a cause of action against respondent for alienation of the affections of plaintiff's husband. Respondent's general demurrer was sustained as to count two with leave to amend, and was sustained as to count three without leave to amend. Plaintiff having failed to amend as to count two within the time granted, judgment was rendered dismissing the complaint as to respondent Takata. The appeal is from that judgment. But a reversal is sought only as to the third cause of action.

The parties are apparently agreed that the demurrer to the third count was sustained solely on the ground that causes of action for alienation of affection have been abolished by section 43.5. Respondent does not contend that the judgment can be sustained on any other ground. It follows that unless section 43.5 is ineffective to accomplish its intended purpose, the judgment must be affirmed.

The constitutionality of section 43.5 is assailed on five separate grounds. Four of appellant's contentions are substantially identical with points urged and rejected in *Langdon* v. *Sayre*, 74 Cal.App.2d 41 [168 P.2d 57], where we affirmed the constitutional validity of section 43.5 insofar as it abolished

actions for breach of promise to marry. The fifth is urged for the first time in the present case. Although, technically speaking, the Langdon case may not be a controlling precedent, since it dealt with another portion of the statute and the personal relations of unmarried persons, we see no occasion to depart from the views there expressed, and have concluded that appellant's final point is likewise untenable.

Appellant claims that section 43.5 is obnoxious to the provisions of section 1 of article I of the California Constitution in that it "subjects the happiness of every married person, to the caprice and irreverence of whomever arbitrarily seeks to interfere with the most solemn and sacred of obligations." The rights to enjoy liberty, to acquire, possess and protect property, which are secured to the individual by section 1, are not absolute but are "circumscribed by the requirements of the public good." (*In re Moffett*, 19 Cal.App.2d 7, 14 [64 P.2d 1190].) Like the protection accorded to personal rights and privileges by the requirement of due process of law, the guarantees of section 1 cannot operate as a curtailment upon the basic power of the Legislature to enact reasonable police regulations. (*Matter of Yun Quong*, 159 Cal. 508, 511-512 [114 P. 835, Ann.Cas. 1912C 969]; *Manford* v. *Singh*, 40 Cal.App. 700, 701 [181 P. 844].) That section 43.5 is a justifiable exercise of the police power cannot be questioned. Actions for alienation of affections, criminal conversation, breach of promise of marriage, and seduction have been widely criticised as fruitful sources of fraud and extortion because of the ease with which they may be employed to embarrass, harass, and besmirch the reputation of one wholly innocent of wrongdoing. (See 13 So.Cal.L.Rev. 37, and authorities cited.) The power of the Legislature to ameliorate such evils by abolishing or restricting causes of action giving rise to them has recently been reaffirmed in *Werner* v. *Southern Cal. etc. Newspapers*, 35 Cal.2d 121, 126-127 [216 P. 2d 825]. Statutes similar to section 43.5 have been upheld in other jurisdictions. (*Pennington* v. *Stewart*, 212 Ind. 553 [10 N.E.2d 619]; *Rotwein* v. *Gersten*, 160 Fla. 736 [36 So.2d 419]; *Bean* v. *McFarland*, 280 Mich. 19 [273 N.W. 332]; *Bunten* v. *Bunten*, 15 N.J.Misc. 532 [192 A. 727]; *Hanfgarn* v. *Mark*, 274 N.Y. 22 [8 N.E.2d 47], appeal dismissed for want of substantial federal question, 302 U.S. 641 [58 S.Ct. 57, 82 L.Ed. 498]. See *Young* v. *Young*, 236 Ala. 627 [184 So. 187].) The Legislature could reasonably have concluded that

eradication of the abuses associated with the actions could be successfully accomplished only by eliminating the actions entirely. This being so, it was within the constitutional power of the Legislature to require the honest and well-intentioned complainant, as a member of society, to conform to a law designed for the protection of society. (*Bunten* v. *Bunten, supra.*)

Appellant's further contention that the statute is against public policy because it is demoralizing, and permits wilful disruption of the marriage, home and family without restraint, is sufficiently answered by what has been said. In any event, the argument should properly be addressed to the Legislature. Section 43.5 constitutes a legislative declaration that the public policy of California is opposed to appellant's view. (See *Langdon* v. *Sayre, supra,* 74 Cal.App.2d 41, 45-46 [168 P.2d 57], quoting from *Thorne* v. *Macken,* 58 Cal.App.2d 76 [136 P.2d 116].) If, as appellant urges, section 43.5 is inconsistent with other provisions of the Civil Code previously enacted, the more recent expression of the legislative will must, of course, control.

Nor is section 43.5 violative of section 16 of article I of the Constitution in that it impairs the obligation of contracts. Although the marriage relation may properly be regarded as a civil contract for some purposes (see *Mott* v. *Mott,* 82 Cal. 413 [22 P. 1140, 1142] ; Civ. Code, §§ 55, 155), it is a matter which has always been regarded as subject to plenary control by the Legislature. (*Estate of Gregorson,* 160 Cal. 21, 24 [116 P. 60, Ann.Cas. 1912D 1124, L.R.A. 1916C 697].) " 'When the contracting parties have entered into the married state, they have not so much entered into a contract as into a new relation, the rights, duties, and obligations of which rest not upon their agreement, but upon the general law of the State, statutory or common, which defines and prescribes those rights, duties, and obligations. . . . It is not, then, a contract within the meaning of the clause of the Constitution which prohibits the impairing of the obligations of contracts.' " (*Maynard* v. *Hill,* 125 U.S. 190, 211 [8 S.Ct. 723, 31 L.Ed. 654], quoting from *Adams* v. *Palmer,* 51 Me. 480, 481 ; see, also, *Fearon* v. *Treanor,* 272 N.Y. 268 [5 N.E.2d 815, 109 A.L.R. 1229].)

Appellant's reliance upon sections 11 and 21 of article I, and section 25(19) of article IV is misplaced. These provisions prohibit special legislation in behalf of preferred classes or individuals. The fact that section 43.5 grants an exclu-

sive immunity to a marital interloper at the expense of the injured spouse, although no such immunity attaches to one who interferes with certain other types of contracts, does not render it discriminatory in the constitutional sense. The statutory classification is neither arbitrary nor irrational, bears a definite relationship to the legislative objective, and embraces equally all persons similarly situated.

Appellant appears to rely chiefly upon his final contention, which was neither presented nor passed on in *Langdon v. Sayre, supra,* that section 43.5 is void for noncompliance with section 24 of article IV of the Constitution. That section provides: "Every act shall embrace but one subject, which subject shall be expressed in its title." The argument in appellant's brief is wholly misdirected to the unofficial section heading added by the publisher of the Civil Code rather than to the official statutory title; but we have given careful consideration to the proposition urged. Section 43.5 was enacted by chapter 128 of the Statutes of 1939, the title of which read: "An act to amend section 49 of, to add sections 43.5 and 1590 to and to repeal section 3319 of the Civil Code, relating to personal relations." (Stats. 1939, p. 1245.) Although the title of an amending statute is apparently sufficient if it merely states the code and section being amended (see *Milgate* v. *Wraith,* 19 Cal.2d 297, 304 [121 P.2d 10]), it is necessary for an act which adds a wholly new provision to indicate the subject matter thereof. (23 Cal.Jur., § 54, p. 661, and cases cited.) The general phrase, "relating to personal relations," was evidently incorporated for this purpose. The Constitution does not demand that the title of an act be a catalogue or abstract of its provisions, but merely that it contain a reasonably intelligent reference to the subject of the legislation. (*Powers Farms, Inc.* v. *Consolidated Irr. Dist.,* 19 Cal.2d 123, 130 [119 P.2d 717]; *Heron* v. *Riley,* 209 Cal. 507, 510-512 [289 P. 160]; 23 Cal.Jur., § 46, p. 651.) A title will not be held objectionable merely because it is general in terms, or is broader in scope than the provisions of the act, as long as those provisions are germane to the subject thus expressed. (*County of Los Angeles* v. *Hurlbut,* 44 Cal.App.2d 88, 100-103 [111 P.2d 963], and cases cited; *County of Ventura* v. *Southern Cal. Edison Co.,* 85 Cal.App.2d 529, 538 [193 P.2d 512].) The title of chapter 128 manifestly suggests that rights arising out of relations between persons will be affected by its provisions. It thus gives sufficient notice,

we think, to satisfy the constitutional purpose of preventing the enactment of surreptitious legislation under the guise of a misleading or deceptive title. (*Cf.*, *Matter of Coburn*, 165 Cal. 202 [131 P. 352]; *Deyoe* v. *Superior Court*, 140 Cal. 476 [74 P. 28, 98 Am.St.Rep. 73].)　Furthermore, the abolition of actions for alienation of affections, criminal conversation, seduction, and breach of promise of marriage is clearly germane to and within the scope of the subject of "personal relations." Admittedly, as appellant points out, there are significant differences between the several causes of action; but there are also elements of similarity which reasonably justify collective legislative treatment. Each of them is predicated upon a violation, in one manner or another, of the right which "every person has, subject to the qualifications and restrictions provided by law . . . of protection . . . from injury to his personal relations" (Civ. Code, § 43); and each, for reasons already indicated, is fraught with the same possibility of fraud and abuse. The Constitution does not compel piecemeal legislation. (23 Cal.Jur. § 42, p. 646.) Provided all its provisions are related or connected thereto, the subject of an act may be as extensive as an entire code (see *Evans* v. *Superior Court*, 215 Cal. 58 [8 P.2d 467], sustaining the enactment of the Probate Code) or as narrow as a single section (see *People* v. *Rambaud*, 78 Cal.App. 685 [248 P. 954], upholding an amendment to section 264 of the Penal Code). It thus appears that the provisions of section 43.5 deal with but a single subject, which is adequately expressed in the title of chapter 128.

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.