## In the Matter of " JOHN GLASSER ".*

Surrogate's Court, Bronx County, November 28, 1950.

*Keogh & Candee* for petitioner.

*Hugo J. Frankl* for respondent.

HENDERSON, S.   The moving party seeks permission to inspect the files in two adoption proceedings pursuant to section 114 of the Domestic Relations Law, and also asks leave to obtain exemplified copies of certain pertinent portions of these adoption records.

The petitioner has instituted an action for alienation of affections and criminal conversation in the State of Connecticut against his former's wife's present husband, a New York resident, and is seeking damages in the amount of $50,000.

The defendant in the Connecticut action adopted two children in this court in December, 1947.   The petitioner herein alleges that the adoption records contain statements made by the foster parent which are essential and material to petitioner's Connecticut lawsuit.

---

* Name used herein is fictitious for purposes of publication.

Article 2-A of the New York Civil Practice Act provides:

" § 61-a. *Declaration of public policy of state.* The remedies heretofore provided by law for the enforcement of actions based upon alleged alienation of affections, criminal conversation, seduction and breach of contract to marry, having been subjected to grave abuses, causing extreme annoyance, embarrassment, humiliation and pecuniary damage to many persons wholly innocent and free of any wrongdoing, who were merely the victims of circumstances, and such remedies having been exercised by unscrupulous persons for their unjust enrichment, and such remedies having furnished vehicles for the commission or attempted commission of crime and in many cases having resulted in the perpetration of frauds, it is hereby declared as the public policy of the state that the best interests of the people of the state will be served by the abolition of such remedies. Consequently, in the public interest, the necessity for the enactment of this article is hereby declared as a matter of legislative determination."

" § 61-b. *Certain causes of action hereafter accruing abolished.* The rights of action heretofore existing to recover sums of money as damage for the alienation of affections, criminal conversation, seduction, or breach of contract to marry are hereby abolished."

In *Hanfgarn* v. *Mark* (274 N. Y. 22), the provisions of the act relating to alienation of affections and criminal conversation were held constitutional.

Section 61-d reads as follows:

" § 61-d. *Legal effect of certain acts hereafter occurring.* No act hereafter done within this state shall operate to give rise, either within or without this state, to any of the rights of action abolished by this article. No contract to marry, hereafter made or entered into in this state shall operate to give rise, either within or without this state, to any cause or right of action for the breach thereof."

Section 61-h further declares: " This article shall be liberally construed to effectuate the objects and purposes thereof and the public policy of the state as hereby declared."

Although the State of Connecticut permits actions in its courts to recover damages for alienation of affections and criminal conversation, the New York Legislature has clearly and emphatically expressed its public policy against the maintenance of such actions.

The Court of Appeals in *Herzog* v. *Stern* (264 N. Y. 379), refused to enforce a statute of a sister State where it conflicted with local public policy. The court said (p. 384) that "comity depends upon the public policy of the State, and the Legislature has declared the public policy of this State when it provided that no action for personal injuries may be maintained against the executors or administrators of a decedent who resided in this State."

To provide the petitioner herein with exemplified copies of the records which he seeks would be tantamount to the encouragement and approval of causes of action which our Legislature has deemed obnoxious to our public policy. In accordance with what we deem sound principle, this court will not lend its assistance to a litigant whose suit violates the public policy of New York.

Furthermore, section 114 of the Domestic Relations Law provides that: "The written report of the investigation together with all other papers pertaining to the adoption shall be kept by the judge or surrogate as a permanent record of his court and such papers must be sealed by him and withheld from inspection. No person shall be allowed access to such sealed records and order except upon an order of a judge or surrogate of the court in which the order was made or of a justice of the supreme court. No order for access and inspection shall be granted except on due notice to the foster parents and on good cause shown."

It is obvious that these records are to be kept as secret as possible to protect the persons included therein. The two children involved in these adoptions are not parties and are not concerned with the Connecticut lawsuit. In order to safeguard these children and carry out the evident intention of the statute, it is the clear duty of this court to deny these applications.

Settle order in each application.