(No. 35517.—

Leo Siegall, Appellant, *vs.* Albert Solomon, Appellee.

*Opinion filed March 31, 1960.*

WILLIAM SULKIN, of Chicago, (HARRY G. FINS and DONALD SCHULTZ, of counsel,) for appellant.

WISCH & CRANE, of Chicago, (MYRON E. WISCH and BENJAMIN B. CRANE, of counsel,) for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This direct appeal, taken from a judgment of the superior court of Cook County dismissing plaintiff's complaint, requires us to decide the constitutionality of "An Act relating to the damages recoverable in actions for alienation of affections," which was enacted by the legislature in 1947 and which, until now, has remained untested. See: Laws of 1947, p. 796.

Historical background shows that in the year 1935, the legislature, taking cognizance of the conduciveness of the action to extortion and blackmail, enacted a law which completely abolished the action for alienation of affections. (Laws of 1935, p. 716, Smith-Hurd Rev. Stat. 1935, chap. 38, pars. 246.1-246.2.) However, when the validity of this law was challenged in *Heck v. Schupp,* 394 Ill. 296, a decision rendered in 1946, this court found it unconstitutional on the ground that it violated section 19 of article II of the Illinois constitution. In 1947, and presumably as a result of our decision, the legislature enacted the statute presently under attack which regulates the amount of damages recoverable in actions for alienation of affections. By companion measures the 1947 legislature also placed limitations on the damages recoverable in actions for criminal conversation, (Laws of 1947, p. 800,) and for breach of prom-

ise, (Laws of 1947, p. 1181,) the latter enactment having recently withstood constitutional attack in *Smith* v. *Hill,* 12 Ill. 2d 588.

Section 1 of the 1947 act, after first stating as a matter of legislative determination that actions for alienation of affections have been subject to great abuses and that the award of monetary damages is ineffectual as a recompense for genuine mental or emotional distress, declares as the public policy "that the best interests of the people of the state will be served by limiting the damages recoverable in such actions and by leaving any punishment of wrong-doers guilty of alienation of affections to proceedings under the criminal laws of the state, rather than to the imposition of punitive, exemplary, vindictive, or aggravated damages in actions for alienation of affections." Thereafter, section 2 provides that damages recovered shall be limited to actual damages, while section 3 states: "No punitive, exemplary, vindictive or aggravated damages shall be allowed in any action for alienation of affections." Section 4 then provides: "In determining the damages to be allowed in any action for alienation of affections, none of the following elements shall be considered: the wealth or position of defendant or the defendant's prospects of wealth or position; mental anguish suffered by plaintiff; any injury to plaintiff's feelings; shame, humiliation, sorrow or mortification suffered by plaintiff; defamation or injury to the good name or character of plaintiff or his or her spouse resulting from the alienation of affections complained of; or dishonor to plaintiff's family resulting from the alienation of affections." (Ill. Rev. Stat. 1947, chap. 68, pars. 34-37.) Since 1947, this statute has remained in force without amendment.

On June 19, 1959, plaintiff, Leo Siegall, filed a complaint for alienation of affections against defendant, Albert Solomon, which concluded with an allegation that defendant was a man of great wealth and prayed judgment

in the amount of $500,000 for: (1) damages for mental anguish, pain, humiliation and distress of body and mind suffered by plaintiff; (2) damages resulting from loss of consortium, society and assistance of Beverly Siegall, wife of plaintiff, and (3) punitive damages for defendant's wilful, malicious and unlawful alienation of the affections of plaintiff's wife. Defendant filed a motion to dismiss the complaint alleging that the 1947 act specifically limited recovery to actual damages only, whereupon plaintiff responded with objections which alleged that the statute was unconstitutional and void in several respects. No issue was raised as to whether any portion of the prayer embraced a claim for actual damages and thus we deem the question waived. Subsequently, the superior court ruled that the 1947 act was constitutional and dismissed the plaintiff's action. This appeal has followed.

Plaintiff's initial contentions devolve around *Heck v. Schupp,* 394 Ill. 296, wherein it was observed that "The contract of marriage has always been known in the law as a contract involving civil rights," and held that the complete abolition of the action for alienation of affections, thus giving license to disrupt the family relation without fear of legal reprisal by the injured party, would clearly violate section 19 of article II of our constitution which provides, in part, that "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation." Plaintiff reasons that the very foundation of the cause of action for alienation of affections is mental anguish, shame, humiliation, injured feelings, as well as defamation of name and character of a plaintiff or his family, and contends that the 1947 act, by expressly removing such elements of damage, leaves only a nominal cause of action without possibility of recovering damages. This result, it is urged, circumvents the decision in *Heck v. Schupp,* and renders the present act subject to constitutional infirmities in that it

violates section 19 of article II of the Illinois constitution, and destroys vested rights and impairs the obligation of contract in violation of both State and Federal constitutions.

We are not told what vested rights have been destroyed and would be justified in deeming the contention abandoned. It is, however, the modern view that rights of a husband in his wife's affections and society are not property within the due process clause, so as to prevent a State's regulation and control of such rights, (See: *Hanfgarn* v. *Mark,* 274 N.Y. 22, 8 N.E.2d 47, appeal dismissed for want of substantial Federal question, 302 U.S. 641, 82 L.ed 498,) and this court has held, most recently in *Smith* v. *Hill,* 12 Ill. 2d 588, wherein an almost identical act limiting damages in actions for breach of promise was found to be constitutional, that there is no vested right in any plaintiff to exemplary, punitive, vindictive or aggravated damages leaving the legislature free to restrict or deny such damages at its pleasure, provided judgment has not already been entered in a plaintiff's favor, without denying a constitutional right to them. Within the same decision we found that a statute which does not prohibit an action, but merely denies certain damages as a basis for recovery, could not be in contravention of section 19 of article II of the Illinois constitution.

From a standpoint of the constitutional issues raised, *Smith* v. *Hill* is indistinguishable from the present proceeding. What was said there is applicable here and is decisive of plaintiff's claims that the 1947 act deprives him of vested rights and of a remedy by which to recover for a wrong.

Nor do we find merit in the contention that the 1947 act impairs the obligation of contract. While the marriage contract is properly regarded in the law as a civil contract for some purposes, it is at the same time a contract which has always been regarded as subject to the plenary control of the legislature, and subject to controls based upon principles

of public policy affecting the welfare of the people of the State. (See: *People ex rel. Christiansen* v. *Connell,* 2 Ill. 2d 332; *Hanfgarn* v. *Mark,* 274 N.Y. 22, 8 N.E.2d 47; *Fearon* v. *Treanor,* 272 N.Y. 268, 5 N.E.2d 815; *Ikuta* v. *Ikuta,* 97 Cal. App. 2d 787, 218 P. 2d 854; *Pennington* v. *Stewart,* 212 Ind. 553, 10 N.E.2d 619; *Rotwein* v. *Gersten,* (Fla. 1948,) 36 S.2d 419; *Young* v. *Young,* 236 Ala. 627, 184 So. 187; *Bunten* v. *Bunten,* 15 N.J. Misc. 532, 192 Atl. 727.) Indeed, it has been expressly held that marriage is not a contract within the constitutional provision prohibiting the impairment by a State of the obligation of contract, inasmuch as the rights, duties, and obligations of the parties do not rest upon the agreement of the parties alone, but upon the general law of the State, statutory and common, which defines and prescribes those rights, duties and obligations. *Maynard* v. *Hill,* 125 U.S. 190, 31 L. ed 654; *Hanfgarn* v. *Mark* 274 N.Y. 22, 8 N.E.2d 47; *Ikuta* v. *Ikuta,* 97 Cal. App. 2d 787, 218 P.2d 854.

Actions for alienation of affections are considered as incident to, or as arising from, the marriage relation, and are likewise subject to the basic power of the legislature to enact reasonable police regulations for the public welfare. (*Hanfgarn* v. *Mark,* 274 N.Y. 22, 8 N.E.2d 47; *Pennington* v. *Stewart,* 212 Ind. 553, 10 N.E.2d 619.) Here, our legislature has made a determination that actions for alienation of affections have been subject to grave abuses and used as tools for blackmail and extortion. By the enactment of the 1947 statute, limiting the damages recoverable to actual and compensating damages only, it has acted in the public interest and has done no more than to ameliorate evil by restricting the cause of action from which it arises. Such a regulation, enacted for the general welfare, does not infringe upon any rights arising from the marriage contract.

Plaintiff further contends that the 1947 act is special legislation in violation of section 22 of article IV of the

Illinois constitution, and that it likewise violates article III in that the legislature has invaded the province of the judiciary by formulating rules measuring the amount of damages recoverable. Here again, however, it is sufficient to point out that these objections to a statute restricting recovery to actual damages have been rejected in *Smith* v. *Hill,* 12 Ill. 2d 588. In the absence of compelling argument or persuasive new authority what was said there applies with equal force to the act under consideration.

The judgment of the superior court dismissing plaintiff's complaint was correct and is therefore affirmed.

*Judgment affirmed.*