THE COURT.
The original opinion on file herein contained typographical errors. The following modified opinion is hereby adopted as the opinion of the court.
Defendants appeal from a judgment of conviction of a violation of section 148 of the Penal Code (resisting public officers in the discharge of their duties), and from an order denying their motion for a new trial.
No question is raised as to the sufficiency of the evidence, the sole issue being whether the trial court erred in refusing to instruct the jury as follows:
(a) “You are instructed that while it is the duty of every citizen to submit to lawful arrest, whether by an officer or a private person, reasonable resistance to an unlawful arrest may rightfully be made either by the person sought to be arrested or by third persons acting in his aid.”
(b) “You are instructed that if an arrest is unlawful, either the person being arrested or others acting in his behalf may resist, using no more than reasonable force sufficient to prevent the unlawful arrest. ’ ’
The trial court instructed the jury in accordance with the language of Penal Code section 834a (adopted in 1957), which provides: “If a person has knowledge, or by the exercise of *Supp. 841 reasonable care, should have knowledge, that he is being arrested by a peace officer, it is the duty of such person to refrain from using force or any weapon to resist such arrest. ’ ’
Appellants contend that this section does not deprive a person of the right to resist an unlawful arrest. They contend further that if said section be interpreted to require submission to an unlawful arrest, then it is unreasonable and void and in violation of their constitutional rights.
We have concluded that section 834a is clear and unambiguous and that the intent of the Legislature in adopting this new section was to do away with the former rule that a person could resist arrest if the attempted arrest were unlawful. The section does not say that it is the duty of a person to refrain from using force only if he is being lawfully arrested. Bather, it requires him to refrain from using force whenever he has or should have knowledge that he is being arrested by a peace officer. The former rule inevitably led to riots and violence by fostering a belief on the part of many people that they were the sole judges as to whether their arrest was or was not proper. Those persons who were inclined to resist or escape found a ready excuse in stating that the resistance or escape was because of a belief in the unlawfulness of the arrest.
It should be noted that the new section does not eliminate the right of a person improperly arrested to pursue his lawful remedies against the peace officer. It merely eliminates his right to the use of force at the time of the arrest and requires him to seek his redress by resort to the courts, rather than by resort to violence.
It is true that prior to the enactment of section 834a there were many California cases stating that one may resist an unlawful arrest. We feel that both by the rules of construction and by the plain wording of the new section, that it was clearly the legislative intent to abolish such rule. A legislative purpose to change the existing law is presumed from a new enactment on the same subject. (See People v. Weitzel, 201 Cal. 116 [255 P. 792, 52 A.L.R. 811], and the cases cited at pages 118 and 119.)
We conclude further that section 834a does not constitute an unwarranted invasion of appellants’ constitutional and fundamental rights, and that it is a reasonable exercise of the police power. The rights of all individuals are subject to reasonable regulation, and on proper occasion must be restricted for the common good. As stated in Ikuta v. Ikuta, *Supp. 842 97 Cal.App.2d 787 [218 P.2d 854], at page 789:
“Appellant claims that section 43.5 [Civil Code] is obnoxious to the provisions of section 1 of article I of the California Constitution in that it ‘subjects the happiness of every married person, to the caprice and irreverence of whomever arbitrarily seeks to interfere with the most solemn and sacred of obligations. ’ The rights to enjoy liberty, to acquire, possess and protect property, which are secured to the individual by section 1, are not absolute but are ‘ circumscribed by the requirements of the public good. ’ (In re Moffett, 19 Cal.App.2d 7,14 [64 P.2d 1190].) Like the protection accorded to personal rights and privileges by the requirement of due process of law, the guarantees of section 1 cannot operate as a curtailment upon the basic power of the Legislature to enact reasonable police regulations.”
The Legislature apparently felt that it was reasonable to require all persons to refrain from using force when being arrested by a peace officer. We find nothing unreasonable in the requirement that all persons shall be law abiding and that they shall accept duly constituted authority, even though on occasion that authority may be abused. Peace officers are likewise required to perform their duties in lawful fashion, and redress by peaceful means is afforded to an aggrieved person. We feel that the observance of these correlative rights and obligations on both sides will be the most conducive to the maintenance of an orderly society.
We conclude, accordingly, that the trial court was right in refusing the requested instructions, and that the judgment and order appealed from should be affirmed. Judgment and order affirmed.