JAMES MORROW, Plaintiff, *v.* FRED YANNANTUONO, Also Known as FREDERICO YANNANTUONO, Defendant.

Supreme Court, Westchester County, March 8, 1934.

*Elliott Cohen* [*Sidney Hauptman* and *Maxwell Richter* of counsel], for the plaintiff.

*Wolfango E. Cribari*, for the defendant.

CLOSE, J. The defendant moves to dismiss the plaintiff's complaint upon the ground that it fails to state a cause of action. The complaint alleges that the plaintiff is the son of one Charles Morrow and Nellie Morrow and that his father and mother had lived happily together for twenty-two years until about the year 1929, at which time the plaintiff was an infant, and about that date the defendant knowing that said Nellie Morrow was the wife of another and the mother of the plaintiff, maliciously and wrongfully deprived the plaintiff of the affection, comfort and motherly love of his mother by enticing her away and harboring her; that he

has been deprived of such affection, comfort and motherly love and has suffered great distress of body and mind; his reputation is affected; he is shunned, etc., and asks damages in the sum of $50,000.

The complaint follows in outline the usual form in an action by husband or wife for alienation of affections. The theory of the plaintiff is that this is an action on the case and asks the court to adopt the theory that the family is a legal unit; that each member of the family sustains injury when another by his wrongful act interferes with such unity and has a cause of action for such wrongful act. It is conceded that there is no precedent for this particular action but novelty is not sufficient to prevent recovery. (*Kujek* v. *Goldman*, 150 N. Y. 176; *Piper* v. *Hoard*, 107 id. 73; *Bennett* v. *Bennett*, 116 id. 584, 589.) " If the most that can be said is that the case is novel and is not brought within the limits of some adjudged case, we think such facts not enough to call for a reversal of the judgment." (*Piper* v. *Hoard*, 107 N. Y. at p. 76.) However, it seems to me that there is an insurmountable objection to this form of action. The old form of action that gave the husband a right of action for the enticing away of his wife rested originally upon the theory of the unity of the husband and wife and his property right. Then when woman was emancipated, the cause of action was given to both husband and wife upon the theory that marriage is a contract and that the loss of consortium given by this contract gave a right of action to the injured party. The loss of consortium is the very crux of the action. (*Stiffler* v. *Boehm*, 124 Misc. 55.)

If this plaintiff has a cause of action, then his brothers and sisters, if any, also have a cause of action. Indeed upon the theory of the plaintiff, it would be difficult to say what member of the family would not have. He cites *Pickle* v. *Page* (252 N. Y. 474) wherein the plaintiff was allowed to recover for the abduction of his grandson who had been legally adopted. The child was of tender years and the court swept aside the fiction that the gravamen of such action was the loss of service and allowed a recovery for wounded feelings. It is significant, however, that the trial court dismissed as to Bertha Pickle, the child's grandmother, who had likewise adopted the child. I am convinced that to uphold this complaint would open our courts to a flood of litigation that would inundate them. It would mean that everyone whose cheek is tinged by the blush of shame would rush into court to ask punitive damages to compensate them for their distress of body and mind and the damage that their reputation suffered in the community. The plaintiff argues that to uphold his cause of action might act as a deterrent to those who maliciously entice away another's spouse. I doubt it. The

husband has a cause of action. The ages and number of his children are elements to be considered in his action. Behavior such as is accredited to the defendant here springs from motives that seldom if ever count the financial cost.

Motion is granted.