[Civ. No. 16102.   Second Dist., Div. One.   Mar. 19, 1948.]

STEPHEN HART RUDLEY, a Minor, etc., Appellant, v. SARETTE TOBIAS, Respondent.

Kenny & Cohn and Robert W. Kenny for Appellant.

Cantillon & Glover and Richard H. Cantillon for Respondent.

DORAN, Acting P. J.—The plaintiff herein, at the date of filing of the complaint an infant of the age of 9 months, is the son of Ann and Herbert Rudley, who were married in 1940. According to the complaint, "Until the 5th day of May, 1946, the plaintiff's father was a devoted parent, faithfully and affectionately discharging the duties and obligations of a father." Commencing approximately on that date, the defendant Sarette Tobias is alleged to have "maliciously and for the purpose of breaking the family of which plaintiff was a member and for the purpose of depriving the plaintiff of the presence, comfort, society, guidance, affection and paternal care of Herbert Rudley, the plaintiff's father, persuaded the plaintiff's father to leave the marital household, to remove himself from the family of which both he and plaintiff were members, and to establish his permanent residence with the defendant. The defendant continued said persuasions and enticements until on or about the 3d day of June, 1946, she succeeded in persuading and enticing the plaintiff's father to leave the marital household and to take up his residence with her." The complaint further alleges that thereafter plaintiff's father did not return to the marital household, and as a consequence of the defendant's conduct, "plaintiff has been and will continue to be deprived of the presence, comfort, society, guidance, affection and paternal care of his father and of the fruits and benefits of the integral family," to the plaintiff's damage in the sum of $100,000. The trial court sustained a demurrer to the complaint without leave to amend, and judgment was thereafter rendered dismissing the complaint.

In appellant's brief it is contended that a cause of action exists in favor of a child such as the plaintiff herein, against one who maliciously entices the child's father from the marital household, for the following reasons: (1) "No decision to the contrary having been rendered in California or elsewhere, the cause of action should be recognized"; (2) "When a responsible defendant seeks to escape from

liability for an act which he had notice was likely to cause temporal damage to another, and which has caused such damage in fact, he must show a justification,'' quoted from Holmes, 4 Harvard Law Review 1; (3) ''Our Codes are not exhaustive. The courts retain the power to recognize causes of action not specified in the Codes''; and (4) ''The Legislature has not taken away the cause of action here sued upon.''

In considering the question here presented, conceded to be one of first impression in this state, it is imperative to note the statutory provisions existing before and after 1939, in which year the California Legislature enacted section 43.5 of the Civil Code outlawing so-called ''Heart Balm'' suits by providing that ''No cause of action arises for; (a) *Alienation of affection.*'' (Italics added.) Prior to 1939, as set forth in respondent's brief, section 49 of the Civil Code declared that ''The rights of personal relations forbid: (1) The abduction of a husband from his wife or *a parent from his child.*'' (Italics added.) However, in the year 1939, section 49 was amended by entirely omitting the subsection above quoted, so that, as this section now reads, ''The rights of personal relations forbid'' only ''abduction or enticement of a child from a parent'' or guardian; the ''seduction of a person under the age of legal consent''; and ''Any injury to a servant which affects his ability to serve his master other than seduction, abduction or criminal conversation.'' Obviously, none of the provisions of the amended section 49 cover the present situation. Moreover, the amendment of this section and the omission to reenact the previous provision forbidding ''The abduction of a . . . parent from his child,'' must be read in connection with the contemporaneous statutory bar against actions for alienation of affection.

The appellant argues that the present action, brought on behalf of the child, is in no way analogous to the prohibited action for alienation of affections, but rather comparable to an action for the wrongful death of a parent. It is contended, in this behalf, that there is no statutory prohibition against the child's action; that the integrity of the family relation and social considerations demand judicial recognition of the defendant's liability for enticing plaintiff's father from the family home. Respondent's brief, on the other hand, takes the position that ''Section 49 of the Civil Code limits the causes of action which are based upon an interference with personal relations to those enumerated in that section''; and that the omission to include in the reenactment, any recognition of a

right of action for abduction of "a parent from his child," was equivalent to a repeal of that right.

The trial court, as hereinbefore indicated, took the view that the California law as evidenced by the code sections now in effect, does not countenance such an action as is stated in the appellant's complaint. A consideration of those statutes, together with the legislative history connected with their enactment, the state of the law as it existed prior to the amendment of section 49 of the Civil Code, and the enactment of the new section 43.5 which prohibits actions of "alienation of affection," leads to the conclusion that appellant's position is untenable. Social considerations, and the alleged necessity or advisability of protecting the family relation by upholding the child's action here contended for, are arguments more properly addressed to the legislative branch. The existence or nonexistence of such a cause of action must be determined by the state of the law as it now exists, and the evident intention of the legislative body.

Admittedly, the statutory law of this state contains no authorization for such an action, either directly or by way of implication. Moreover, any implication is obviously against the appellant's contention. ■ The rule as stated in *Shearer* v. *Flannery*, 68 Cal.App. 91, 94 [228 P. 549], namely, that "the amendment of a statute or section operates as a repeal of those parts of the statute or section which are not reenacted," is here applicable. By the omission from the amended section 49 of the Civil Code of the provision which had previously forbidden abduction of "a parent from his child," the Legislature must be deemed to have intended to do exactly what it did do, namely to remove from the law the right of action covered by the omitted subsection. No other reasonable conclusion is tenable. And in this connection it may be noted that the words "abduction" and "enticement," as used in section 49 prior to the year 1939, have been judicially interpreted as synonymous. See *Humphrey* v. *Pope*, 122 Cal. 253, 256 [54 P. 847], and *Horowitz* v. *Sacks*, 89 Cal.App. 336, 340 [265 P. 281]. "Abduction," says the Humphrey opinion, may be accomplished by fraud, persuasion or violence.

In dealing with another subsection of section 49 of the Civil Code, namely, subsection (c) thereof, the United States Circuit Court of Appeal in the case of *Standard Oil Co. of Cal.* v. *United States*, 153 F.2d 958, 961, has declared that section 49 "definitely limits the causes of action which are based upon

an interference with personal relationships to those enumerated in the section. For example, Section 49 might have given a cause of action for injuries to parties to other personal relationships similar to that of master and servant alone, i.e., for injuries to an agent, an independent contractor, a partner, a joint adventurer, et cetera.'' Quoting from *Burlingame* v. *Traeger*, 101 Cal.App.365, 371 [281 P. 1051], the court in the Standard Oil case further said: ''It must also be borne in mind that 'our codes, of course, were intended as complete revisions of the existing laws upon the subjects embraced therein' (*Estate of Carraghar*, 181 Cal. 15 [183 P. 161, 163]), and that their provisions establish the law of this state respecting the subjects to which they relate.''

It is not contended that appellant's position is supported by any existing statutory law directly sanctioning the alleged cause of action. Such general provisions as that of section 43 of the Civil Code, guaranteeing ''the right of protection from . . . injury to his personal relations,'' and the fundamental principles embodied in section 871 of the Restatement on Torts, are not helpful in dealing with the present problem. Likewise, the appellant's brief does not claim that there is any pronouncement of the California courts which recognizes child's right of action. The decisions of *Daily* v. *Parker*, (1945) 152 F.2d 174 and *Johnson* v. *Luhman*, 330 Ill.App. 598 [71 N.E.2d 810], holding that such an action is permissible, involve Illinois law, and obviously are not binding on the courts of California.

Relying on the so-called doctrine of judicial empiricism, the appellant insists that the appellate court should ''fill in the gaps'' in the law, and, for reasons of public policy and in ''the interest of society as a whole,'' sanction the action contended for. But judicial process is concerned with the interpretation and application of legislative intent, not with usurpation of the lawmaking function. The dangers of attempted interference by any one governmental division with matters committed to the jurisdiction of another division, whether executive, judicial, or legislative, are too obvious to require discussion. In view of the evident legislative intent hereinbefore commented upon, neither public policy nor any other concept can here justify a creation of personal rights by so-called ''judicial process.'' Whether ''reasonable interpretation inclines one to a view that the abduction or enticement of a father from a child sounds as much in the field of alienation of affection as its kindred suit abduction or entice-

ment of a husband from his wife," as contended in respondent's brief, and whatever the law may be in Illinois or elsewhere, there appears to be no justification for the bringing of this action in the State of California.

The judgment is affirmed.

White, J., and Bartlett, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 17, 1948. Carter, J., voted for a hearing.