**NOAH ROTWEIN v. SAM GERSTEN and RUTH GERSTEN,** his wife.

36 So. (2nd) 419
July 30, 1948

June Term, 1948
En Banc

*John L. Nixon* and *Montague Rosenberg,* for appellant.

*James J. Marshall,* for appellees.

TERRELL, J.:

The legislature of 1945 enacted Chapter 23138, Laws of Florida, abolishing the "right of action heretofore existing to recover sums of money as damages for the alienation of affections, criminal conversation, seduction or breach of contract to marry." In October 1946, Noah Rotwein as plaintiff, filed his declaration seeking to recover damages against appellees for alienating the affections of his wife, Janet Gersten Rotwein. A demurrer to the declaration was sustained, the result of which was to uphold the validity of the act. The plaintiff appealed.

The sole question with which we are concerned is the constitutional validity of Chapter 23138, Acts of 1945.

Appellant contends that Chapter 23138 is void and unconstitutional because of the guaranties in Sections one, four and twelve, Declaration of Rights, Constitution of Florida, and Section one; fourteenth amendment to the Federal Constitution. These provisions of the State and Federal Constitution have to do with the preservation of life, liberty and property

and have little if any influence on actions to recover money for alienation of affections.

Appellant also relies on Daily v. Parker, 61 Fed. Sup. 701 and Heck v. Schupp, 394 Ill. 296, 68 N.E. (2nd) 464, to support his contention. These cases treat and hold void an Illinois statute which apparently did not directly abolish the cause of action drawn in question, but made it unlawful for anyone to file a suit for alienation of affections. The Illinois Supreme Court struck the act down because its purpose was not briefly expressed in the title, (Section 13, Article IV, Illinois Constitution) and because, in the manner cast, it placed a premium on the violation of moral law by exempting those who do so from punishment. (Section 19, Article II, Illinois Constitution.)

The Florida Statute is prefaced by a declaration of policy in which it is stated that actions for alienation of affections, criminal conversation, seduction and breach of contract to marry have been subject to grave abuses, causing extreme annoyance, embarrassment, humiliation and pecuniary damages to many persons wholly innocent and free from wrongdoing, that they have been exercised by the unscrupulous for their own enrichment and that the best interests of the people of Florida will be served by the abolition of such remedies.

Under a democratic society, the legislature is the policy making authority and the courts are expected to heed a declaration like this unless clearly shown to have been promulgated without power to do so. It is true that the Florida Statute carries a penal section but it initially abolishes the remedy and puts the world on notice that "heart balm" is no longer a specific for alienation of affections or any of the other remedies cataloged in the act. It appears that similar acts in Indiana, New York, New Jersey and Alabama have been upheld. Young v. Young, 236 Ala. 627, 184 So. 187; Hanfgarn v. Mark, 274 N.Y. 22, 8 N.E. (2nd) 47; Bunten v. Bunten, 15 N.J. 532, 192 Atl. 727; Pennington v. Stewart, 212 Ind. 553, 10 N.E. (2nd) 619; Maynard v. Hill, 125 U.S. 190, 8 Sup. Ct. Rep. 723, 31 L. Ed. 654.

These cases proceed on the theory that while marriage is a contract, it is not such a contract as is protected from impairment by the State and Federal constitutions. The acts condemned by Chapter 23138, grow out of the marriage relation and since the legislature has plenary power to regulate the marriage status, it follows that it may regulate, modify, abolish any right growing out of that relation without violating constitutional guaranties. Perhaps the strongest argument in support of the act is that perverted sexual relations are often found lurking in these cases, and when it comes to measuring perverted chastity in terms of "heart balm," society has not yet set up a standard as it has with peanuts and popcorn and other tangibles, by which it can be done. When a moral vacuum is permitted to supplant a personal liberty or a category of them, it is competent for the legislature to step in and fill the vacuum.

The causes of action proscribed by the act under review were a part of the common law and have long been a part of the law of the country. They have no doubt served a good purpose, but when they become an instrument of extortion and blackmail, the legislature has the power to, and may, limit or abolish them. Civil liberties under the law were not intended to clothe one with a permit to discard approved moral standards, they are vested in all persons in the nature of trust, and when the trust is abused, the power that gave it may withdraw it.

Some of the ancient codes bear evidence of being the genesis of much of our law of domestic relations, and from some of them it may be gleaned, that the right of the husband in the wife was property such as is now protected by the constitution. Appellant so contends, but we do not share this view. In fact there is no such legal concept as a property right of husband in the wife or the wife in the husband. There is a mutual right of consortium and affection and this is the source from which a suit for alienation of affections originates, a social or personal relation that is not protected by the constitution.

The order sustaining the demurrer to the declaration was correct and is affirmed.

Affirmed.

THOMAS, C. J., CHAPMAN, ADAMS, BARNS and HOBSON, JJ., concur.

SEBRING, J., dissents.