MADELINE KATZ et al., Infants, by NATHAN KATZ, Their Guardian ad Litem, Plaintiffs, v. MURIEL KATZ et al., Defendants.

Supreme Court, Special Term, New York County, January 30, 1950.

*Samuel R. Feller* and *Leo H. Hirsch, Jr.,* for defendants.

*Bernard Kaufman* for plaintiffs.

STEUER, J. Plaintiffs are infants of tender age. They allege that one of the defendants, their mother, conspired with the other defendant to deprive them of the motherly care, guidance and love, to abandon them and for the mother to evade her parental obligations. In furtherance of this conspiracy, it is alleged that the defendants engaged in meretricious relationships, went away for various periods together, planned a divorce and finally the mother departed for parts unknown. While ordinary experience would indicate that the pleading of these infants seems rather to put the cart before the horse it will be assumed for the purposes of this motion that the allegations represent the truth.

The moving defendant, the mother's partner in the alleged conspiracy, moves to dismiss the complaint for a failure to state

a cause of action. The charge against him is that he planned to have the plaintiffs' mother abandon them and that this plan was accomplished by means of a meretricious relationship between them. This is indistinguishable from an action for alienation of affections. Prior to the abolition of such actions by statute (Civ. Prac. Act, art. 2-A) a child could not maintain such an action (*Morrow* v. *Yannantuono,* 152 Misc. 134). It is true that then the right was denied because as it existed in the parent to extend it to a child would permit a multiplicity of actions. But if it is asserted that article 2-A of the Civil Practice Act now does away with the danger of an excessive number of suits, it must be admitted that it abolished this suit as well because it refers to all suits for alienation, not restricted to those brought by a spouse. So that if the cause of action never existed, nothing has brought it into existence, and if it did exist, it has been abolished.

It has been pointed out that in other jurisdictions the right has been recognized (*Daily* v. *Parker,* 152 F. 2d 174; *Russick* v. *Hicks,* 85 F. Supp. 281; *Johnson* v. *Luhman,* 330 Ill. App. 598; *Miller* v. *Monsen,* 228 Minn. 400). In others it has been repudiated (*Taylor* v. *Keefe,* 134 Conn. 156; *McMillan* v. *Taylor,* 160 F. 2d 221; *Rudley* v. *Tobias,* 84 Cal. App. 2d 454; *Garza* v. *Garza,* 209 S. W. 2d 1012 [Tex.]). It would be futile to go into the attitudes of these various jurisdictions toward the action for alienation of affections. It was abolished here for good and sufficient reasons because it was commonly the vehicle for fraud and extortion. For that reason it has been held to bar all actions based on the grounds of the outlawed causes of action, even though they were pleaded to avoid the statute (*Andie* v. *Kaplan,* 288 N. Y. 685). Without characterizing the instant case, what would provide a simpler method of avoiding the safeguards provided than to have the injured spouse sue under the guise of his being guardian ad litem for his children? To do so would open the door to the very frauds and criminalities that have been wiped out.

Motion granted.