BARBARA ANN NELSON *vs.* ALBERT A. RICHWAGEN.

Suffolk. October 5, 1950. — November 28, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Parent and Child. Public Policy. Actionable Tort.*

A minor child has no cause of action for enticing his or her mother to leave home, thereby depriving the child of the society and personal care of the mother.

TORT. Writ in the Superior Court dated October 7, 1949.

A demurrer was heard by *Kirk,* J.

*H. G. Feldman,* for the plaintiff.

*R. F. Huntsman,* for the defendant.

LUMMUS, J.   The plaintiff, the minor daughter of Joseph J. Nelson and Mary M. Nelson, brings this action of tort by her father and next friend against the defendant for enticing her mother to desert her father and herself, thereby depriving the plaintiff of support, maintenance and maternal care and affection.   In the Superior Court a demurrer to the declaration was sustained, and the case was reported on the terms that if the ruling was right judgment is to be entered for the defendant.

In *White* v. *Thomson*, 324 Mass. 140, the question whether a minor child could maintain an action for the alienation of affections and enticement away of a parent, was left open, the decision being that the child could not obtain relief by injunction.   The instant case presents the question thus left open in that case.

At common law it is held that one spouse may maintain an action against a third person for procuring and enticing the other spouse to desert the plaintiff, and thus causing the deprivation of the plaintiff's right of consortium.   *Bigaouette* v. *Paulet*, 134 Mass. 123.   *Evans* v. *O'Connor*, 174 Mass. 287.   *Neville* v. *Gile*, 174 Mass. 305.   *Houghton* v. *Rice*, 174 Mass. 366.   *Nolin* v. *Pearson*, 191 Mass. 283.   *Feneff* v. *New York Central & Hudson River Railroad*, 203 Mass. 278, 282.   *Gahagan* v. *Church*, 239 Mass. 558.   *Longe* v. *Saunders*, 246 Mass. 159.   *Bradstreet* v. *Wallace*, 254 Mass. 509.   *McGrath* v. *Sullivan*, 303 Mass. 327.   *White* v. *Thomson*, 324 Mass. 140, 142.   But the practical objections to this class of actions are well known, and we think such actions ought not to be extended into new fields.

Until recent years, there was no authority for the maintenance of such an action by a minor child for the disruption of a home.   But within recent years there have been decisions that a minor child may maintain an action for enticing a parent away from the family home. *Daily* v. *Parker*, 152 Fed. (2d) 174, 162 A. L. R. 819.   *Russick* v. *Hicks*, 85 Fed. Sup. 281.   *Johnson* v. *Luhman*, 330 Ill. App. 598, 340 Ill. App. 625.   *Miller* v. *Monsen*, 228 Minn. 400.   In our opinion, however, the relation of parent and child is not

analogous to the relation of husband and wife, in respect to the existence of a cause of action against a third person. One spouse has a right to the personal presence and care of the other. It is not enough that he or she furnish care for the other through the agency of other persons. Desertion alone, without more, is a matrimonial wrong. But a minor child has no legal right to the personal presence or care of a parent. If the parent provides support and care while absent from the child, the law is satisfied. So far as the parent is bound to support the child the parent may be compelled to do so by other proceedings. G. L. (Ter. Ed.) c. 209, § 37. *White* v. *Thomson*, 324 Mass. 140, 143.

In a note in 83 Univ. of Pa. L. Rev. 276, 277, referring to the reasoning of the cases already cited permitting such an action, it is said, "Numerous practical obstructions, however, inhibit application of this reasoning, the more obvious difficulties being: (1) Possibility of a multiplicity of suits, since the husband has his action, and extension of the principal basis thereof would usually include other minor or dependent children; (2) Possibility of extortionary litigation, for this action, always susceptible to fraud, would become even more so by virtue of its numerical increase and the relative tenuousness of the child's relationship; (3) Inability to define the point at which the child's right would cease, inasmuch as the status itself hypothesizes mutability (i.e., a spouse is, barring extraordinary circumstances, always a spouse, but the very nature of childhood implies an eventual change to adulthood); (4) Inability of a jury adequately to cope with the question of damages, first, because injuries like that now under discussion are hard to measure in money and courts are averse to permitting the more or less conjectural awards based on mental suffering, and second, because damages thus assessed are apt to overlap, the number and ages of children ordinarily being noted in a parent's action." Apparently approving the foregoing, is what is said in the opinion in *Taylor* v. *Keefe*, 134 Conn. 156, 161. The public policy involved bears some similarity to that which forbids actions of tort between a

parent and a minor child. *Luster* v. *Luster,* 299 Mass. 480. *Oliveria* v. *Oliveria,* 305 Mass. 297.

On the whole, we are inclined to join the weight of authority in holding that the child in the present case has no right of action. *Taylor* v. *Keefe,* 134 Conn. 156. *McMillan* v. *Taylor,* 160 Fed. (2d) 221. *Edler* v. *MacAlpine-Downie,* 180 Fed. (2d) 385. *Rudley* v. *Tobias,* 84 Cal. App. (2d) 454. *Morrow* v. *Yannantuono,* 152 Misc. (N. Y.) 134. *Katz* v. *Katz,* 197 Misc. (N. Y.) 412. *Garza* v. *Garza,* 209 S. W. (2d) 1012 (Tex. Civ. App.). *Henson* v. *Thomas,* 231 N. C. 173, 12 A. L. R. (2d) 1171, and note.

*Order sustaining demurrer affirmed.*
*Judgment for the defendant.*