**GLEITZ, III, A Minor etc., Plaintiff-Appellant, v. GLEITZ, Sr., et al, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21944. Decided February 5, 1951.

Hyman J. Blum, Cleveland, for plaintiff-appellant.
Miller & Hornbeck, Cleveland, for defendants-appellees.

(STEVENS, PJ, HUNSICKER, J. DOYLE, J, of the 9th District sitting by designation in the Eighth District.)

## OPINION

By STEVENS, PJ.

In the trial court an action for damages was brought by a minor three years old, through his mother and next friend, against his paternal grandparents, to recover for the loss of "love, affection, society, guidance and companionship of his father" who, it is alleged, was maliciously and wilfully induced by the defendants to break up plaintiff's home and family.

A demurrer to the plaintiff's amended petition was interposed by the defendants for the reason that the amended petition failed to state a cause of action against the defendants.

Upon consideration thereof, the trial court sustained the demurrer and the plaintiff, not desiring to plead further, the action was dismissed and judgment entered for the defendants for their costs.

This appeal on questions of law ensued.

The question presented is: May a child, acting through his mother as next friend, maintain an action against third persons for wrongfully and maliciously disrupting the family circle thereby depriving him of the affection, companionship, guidance and care of his father?

Concededly no such action was known to the common law, and there is in Ohio no statutory authority for the maintenance of such an action.

It is urged by the appellant, however, that upon the principle "there shall be no wrong without a remedy therefor" plaintiff appellant should be permitted to present his case to a jury, and that if the law, either statutory or common law, affords no remedy to plaintiff, then the courts should create such remedy.

Much has been said and written concerning "judicial empiricism" or the right of courts to legislate. However, the members of this court are of the opinion that the right to create new legal rights and remedies is by the supreme law of our state, vested in the legislative bodies and not in the courts; and we do not feel constrained to encroach upon the prerogatives of the legislative branch of the government.

We recognize that there are divergent lines of authority upon the question under consideration. However, we think the weight of authority and reason requires adherence by us to the rule announced in Nelson v. Richwagen, 95 N. E. (2d) 545.

We hold that if a right such as is here asserted is to be created in Ohio, the legislature and not the courts must create it.

Judgment affirmed. Exc. Order see journal.

HUNSICKER, J, DOYLE, J, concur.