19 N.J. Super. 165 (1952)
88 A.2d 31
LINDA GAIL KLEINOW AND THOMAS KLEINOW, JR., INFANTS, BY THEIR GUARDIAN AD LITEM, ANNE KLEINOW, AND ANNE KLEINOW, INDIVIDUALLY, PLAINTIFFS,
v.
JEAN AMEIKA, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 10, 1952.
Mr. Meyer M. Semel, attorney for plaintiffs.
Mr. LeRoy J. D'Aloia, attorney for defendant.
DANIEL J. BRENNAN, J.S.C.
This is a motion, in behalf of the defendant, to dismiss the complaint filed herein.
*166 Anne Kleinow, individually and as the guardian ad litem of her two infant children, Linda Gail Kleinow and Thomas Kleinow, Jr., has filed her complaint, averring that the defendant, Jean Ameika, enticed the husband and father of the plaintiffs, thereby creating a deprivation of their right to his bounty, love and affection. Counsel for the plaintiffs seeks the judgment of this court in their behalf and also suggests, in the complaint, that doubt has arisen under R.S. 2:39A-1 to 2:39A-9 as to whether this cited statute prohibits the cause of action here sought to be enforced.
The motion of the defendant is grounded on the argument that the complaint does not set forth a cause of action cognizant under the laws of our State in that the gravamen of the claim, being one for alienation of affections, is based upon the duties and obligations relating to and flowing from the marriage relationship, which type of action is barred by virtue of R.S. 2:39A-1 to 2:39A-9. This legislation is usually referred to as the "Heart Balm Act."
The right of children to sue under circumstances such as in the instant case, is one of novel impression in this jurisdiction, as far as I am able to ascertain. It has, however, had notice in other jurisdictions. At common law it is manifest that children had no such right. Cooley on Torts (4th ed.), page 41, sec. 174.
In Daily v. Parker, 152 F.2d 174 (C.C.A. 7th 1945) such a cause of action was held cognizable, that court grounding its opinion on the legal theory of ubi jus ibi remediam. The philosophy of its decision appears also to be based on the doctrine of "judicial empiricism" and the court concedes that it is there creating a cause of action not heretofore known to the law.
The well reasoned case of Taylor v. Keefe, 134 Conn. 156, 56 A.2d 768 (Sup. Ct. Err. 1947), which is most nearly like the one sub judice, was an action on behalf of a minor son to recover for the alienation of his mother's affections. After reviewing the facts and citing that there were cases in some jurisdictions holding that there was such a right, the *167 court refused to adopt the philosophy of these cases in support of its decision and stated that:
"Our decision accords with the view expressed by the only authoritative writer who to our knowledge has specifically dealt with the subject; Prosser, Torts, (1941 Ed.) p. 937; and it is worthy of note that the American Law Institute, Restatement of Torts, makes no mention of such a right in the child and expressly negatives (3 Torts, Sec. 699) liability to the parent for alienation of a child's affections."
The court made an appraisal of the contrast between the benefits to be had and the burdens imposed in the event that it should yield to the doctrine sometimes described as "judge-made law."
In Morrow v. Yannantuono, 152 Misc. 134, 273 N.Y. Supp. 912 (Sup. Ct. 1934), the court, after first exploring the disastrous consequences of what, for want of a better term, might be called "judicial legislation" said:
"I am convinced that to uphold this complaint would open our courts to a flood of litigation that would inundate them. It would mean that everyone whose cheek is tinged by the blush of shame would rush into court to ask punitive damages to compensate them for their distress of body and mind and the damage that their reputation suffered in the community."
The matter for objective consideration, in the judgment of this court, is to what extent the doctrine of judicial empiricism should control in creating new law where there is no legislation on the subject, since the adoption of the judicial empiricism theory may have disastrous consequences, depending on the extent to which it may be carried.
The cause of action here the subject matter of the complaint is prohibited by the interdiction of R.S. 2:39A-1 et seq., supra, in so far as it relates to the plaintiff Anne Kleinow, individually. As to the claim of the infant children this court believes that the principle evoked in the Taylor v. Keefe decision, supra, is the proper one under the circumstances and that, accordingly, the infants Linda Gail Kleinow and Thomas Kleinow, Jr., have no such right. No *168 New Jersey case has come to my attention holding that a child may have such a cause of action where the parent, as here, is barred from asserting such a claim.
The cases of Glazer v. Klughaupt, 116 N.J.L. 507, 185 A. 8 (E. & A. 1936); Beberman v. Segal, 6 N.J. Super. 472 (Law Div. 1949); Rubenstein v. Lopsevich, 4 N.J. 282 (1950); Grobart v. Grobart, 5 N.J. 161 (1950); and Blackman v. Iles, 4 N.J. 82 (1950), cited by plaintiffs are not apposite for the problem here the subject matter of consideration.
The motion to dismiss is granted without costs.
Submit order accordingly.