**GIBSON, a Minor, Plaintiff-Appellant, v. JOHNSTON et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2379. Decided December 10, 1956.

Emanuel Nadlin, Dayton, for plaintiff-appellant.

Marshall & Smith, Dayton, By P. Eugene Smith, of Counsel, for defendants-appellees.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

414

## OPINION

By CONN, J.

This is an appeal on questions of law from a judgment of the common pleas court sustaining a demurrer to plaintiff's petition and entering judgment for the defendants.

Similar action was taken by the trial court in three companion cases, and from the judgments entered therein appeals were taken to this Court on questions of law, said cases being numbered in this Court as numbers 2380, 2381 and 2382.

Appellees have filed motions in this Court in cases Nos. 2380, 2381 and 2382, each consisting of two branches; first, appellees move to dismiss said appeals respectively on the ground that appellant has failed to file briefs pursuant to Rule VII of the Rules of the Courts of Appeals of Ohio; and, second, in the alternative, appellees move the Court to order the consolidation of each of the three cases for purposes of this appeal with Case No. 2379, pending herein.

The transcript of the record and original papers show that appeals were duly filed in each of said cases and that the legal questions embraced therein are identical.

It is the opinion of the Court that on the basis of the records before us and the liberal application of Rule VII, the motion of appellees, as to both branches, should be overruled.

Plaintiff brings this action against defendants to recover damages alleged to have been sustained by her father and proximately caused by the negligence of defendant, Marilyn Anne Johnston, a minor approximately 16 years of age, when, in operating a Chevrolet automobile on U. S. Highway No. 25 on August 14, 1954, at about 8:50 o'clock a. m., she negligently struck plaintiff's father who, as a pedestrian, was crossing said highway at said time.

The plaintiff's father was severely and permanently injured; that defendant, Kenneth B. Johnston, is the father of defendant, Marilyn Anne Johnston, and that he had co-signed the driver's license for his daughter, pursuant to the statute.

Plaintiff sets forth in her petition eight specifications of negligence of said defendant in operating her motor vehicle at the time her father was injured, and further alleges:

"Plaintiff further says that, as a child, she has common law rights in the maintenance of the family relationship against wrongful interference by outsiders; that she has a right to her father's society, care, companionship and nurture, as well as to her physical, intellectual and moral training; and that the negligent acts of the Defendant have injured and adversely affected her common law rights with her father as hereinbefore described, and because of the said negligent acts she has been substantially deprived of these rights as her detriment and will

in the future be permanently deprived of these rights to the extent of the permanent disability suffered by her father and the resultant limitations to him."

Plaintiff further alleges that she has been damaged in the sum of $20,000.00 and for which she prays judgment.

Similar petitions were filed in each of the companion cases and in each a prayer to recover damages against defendant.

To plaintiff's petition, and to the petitions in the companion cases, defendant filed general demurrers on the ground that the petitions, respectively, do not state facts which constitute a cause of action. As pointed out above, the trial court sustained the demurrer of defendant in each of the actions and dismissed the petition.

Upon consideration of the allegations of plaintiff's petition, and like averments in the companion cases, and the oral arguments and briefs of learned counsel, the court has reached the conclusion that the trial court was not in error in sustaining defendants' demurrers and dismissing said actions. As briefly as possible, we shall indicate the bases of our conclusion.

We first call attention to the suggestions of appellant that the correct legal theory on which this case should be prosecuted is that of "wanton and wilful negligence." Reference to negligence as being "wanton and wilful" is now regarded as a misnomer. In oral argument, counsel for appellant conceded that additional allegations in plaintiff's petition, or wanton or wilful misconduct, as the proximate cause of plaintiff's injury and damage, would have been no more potent, as a basis of plaintiff's right to recover, than the averments of negligence as now set forth in the several petitions.

Appellant contends that a child, under the common law, has legally protected rights in the maintenance of the family relation against interference by third persons, and the fact that such rights have not been recognized, or have been denied in some instances, is not a valid reason to deny them in the instant cases. This contention assumes that the common law in all instances recognizes that wherever there is a wrong, there is also a remedy, and that the common law is sufficiently, flexible to protect family rights of all members of the family unit in the instant cases. However, a wrong, in legal contemplation, is the violation of a legal right and is redressed through a legal remedy. The maxim, "Ubi Jus, ibi remedium," liberally translated, declares that a legal wrong is the resultant of the violation of a legal right, for which the law provides a remedy. A wrong not within the scope of the law of a given jurisdiction, either from the standpoint of the common law, or when not prescribed by statute, cannot be regarded as a legal wrong.

The duty of the parent to support, educate and protect the child was given recognition under the common law, but the reciprocal rights of the child in relation to his interest in the society and affection of the parent, were not recognized under the common law as construed and applied in this state, except as may be modified by statute. It follows that a child does not have a right of action for an injury which he has sustained in his relation with his parents, proximately caused by the negligent act of a third person.

It appears that several courts, as cited in appellant's brief, have held that a child has a cause of action against a third person for maliciously alienating the parent's affection, on the ground that a child has the right of "consortium" of his parents, or, more broadly stated, "a legally protected interest in the maintenance of the family relationship." On this premise, it is contended that no valid reason exists for disallowing a child the right to recover for serious and permanent injuries to a parent, caused by the negligence of a third person.

The authorities relied on by appellant are not in accord with the courts of a number of jurisdictions, including Ohio, and, as pointed out in the brief of appellee, in Ohio there is no such right of action, "whether it be for loss of consortium with the injured parent or however else the right be characterized."

The cases are reviewed and annotated in 162 A. L. R. 824, 12 A. L. R. 2d, 1178, and Supplement thereto. See also 14 Mich. Law Review, 177.

We call attention to the case of **Gleitz, III, a minor, v. Gleitz, Sr. et al, 88 Oh Ap 337,** where it was held, as stated in the syllabus, as follows:

"In Ohio, an infant, acting through a next friend, cannot maintain an action against third persons for damages for loss of the love, affection, society, guidance or companionship of his or her father, even though the acts of such third persons which caused such loss were willful and malicious."

We quote from the opinion of Judge Stevens, page 338:

"Concededly no such action was known to the common law, and there is in Ohio no statutory authority for the maintenance of such an action.

"It is urged by the appellant, however, that, upon the principle 'there shall be no wrong without a remedy therefor,' plaintiff should have been permitted to present his case to a jury, and that if the law, either statutory or common, affords no remedy to plaintiff, then the courts should create such a remedy.

"Much has been said and written concerning 'judicial empiricism,' or the right of courts to legislate. However, the members of this court are of the opinion that the right to create new legal rights and remedies is by the supreme law of our state vested in the legislative bodies, and not in the courts; and we do not feel constrained to encroach upon the prerogatives of the legislative branch of the government."

The Court is in accord with the pronouncement in the Gleitz case The wrong complained of, not constituted a violation of a legal right under the established policy of this state, it follows that no cause of action is stated in the respective petitions and that the judgments of the trial court should be affirmed, with costs, and each cause remanded to the court of common pleas for execution.

HORNBECK and WISEMAN, JJ, concur.