Sharon Kay Wallace, *et al., etc.*

*v.*

Mamie Shaffer Wallace

(No. 13061)

Submitted September 7, 1971.   Decided November 2, 1971.

Rehearing Denied December 14, 1971.

*H. D. Rollins,* for appellants.

*Neal A. Kinsolving,* for appellee.

HAYMOND, JUDGE:

This is a civil action instituted October 22, 1969 in the Court of Common Pleas of Kanawha County, West Virginia, in which the plaintiffs, Sharon Kay Wallace, Tamera Genife Wallace, Edwin Dwayn Wallace, Brice Lionel Wallace and Tabbie Renae Wallace, infants under the age of twenty-one years, who sue by their next friend and mother, Opal Wallace, seek a recovery from the defendant, Mamie Shaffer Wallace, in the sum of $25,000.00 for each plaintiff or the total amount of $125,000.00 for the loss of the love, affection, protection, support and care of their father, Brady Wallace, caused by the wrongful conduct of the defendant.

By order entered August 25, 1970 the Court of Common Pleas sustained the defendant's motion to dismiss and dismissed the action on the stated ground that the action for alienation of affections was abolished by Chapter 101, Acts of the Legislature, Regular Session, 1969, Section 2a, Article 3, Chapter 56, Code, 1931, as amended, effective March 6, 1969, and also denied the motion of the plaintiffs to set aside the judgment and to award the plaintiffs a new trial, and filed a written opinion which is made a part of the record.

Upon appeal to the Circuit Court of Kanawha County, by final judgment rendered December 11, 1970, that court sustained the foregoing statute, denied the relief prayed for by the plaintiffs and affirmed as plainly right the judgment of dismissal rendered by the Court of Common Pleas and also filed a written opinion which is made a part of the record.

Upon the application of the plaintiffs this Court granted this appeal February 15, 1971.

According to the allegations of the complaint, the parents of the plaintiffs, Brady Wallace and Opal Wallace, were married during the period 1947 to January 20, 1969 when the wife and their mother, Opal Wallace, obtained a divorce from their father, Brady Wallace, because of his

association with the defendant. Prior to his association with the defendant, Brady Wallace was a good and dutiful father, provided the children with a good home, supported them adequately and gave them his love and affection. About three years before the institution of this proceeding the defendant became infatuated with their father, bestowed favors upon him, took him into her home and her business and caused him to abandon the plaintiffs and to fail and refuse to give them the care, attention, love and affection which he had formerly bestowed upon them. The wrongful conduct of the defendant continued until their mother obtained a divorce from their father after which the defendant married their father and is now living with him as his wife.

The legal questions to be determined upon this appeal are (1) whether, regardless of the foregoing statute, the plaintiffs as minor children have a cause of action against the defendant for the alienation of affections of their father; and (2) whether the statute, effective March 6, 1969, before the institution of this action on October 22, 1969, is a valid statute and operates to abolish an action for breach of promise to marry and an action for alienation of affections, and defeats the claim of the plaintiffs.

The statute, Section 2a, Article 3, Chapter 56, Code, 1931, as amended, effective March 6, 1969, provides that "Notwithstanding any other provision of law to the contrary, no civil action shall lie or be maintained in this State for breach of promise to marry or for alienation of affections, unless such civil action was instituted prior to the effective date of this section." Neither of the foregoing questions has been previously decided by this Court and each of them is a question of first impression in this State.

In the jurisdictions in which the first question has been considered and determined there is a conflict in the decisions as to whether a minor child has a cause of action against a third person who causes the alienation of affections of his parent from him and causes the parent to desert the family or to neglect his family duties. In

Illinois, Michigan, and Minnesota state or federal court decisions recognize and uphold a cause of action by an infant child for alienation of affections of the parent of such child by a third person and the decisions in those jurisdictions represent the minority rule. In at least thirteen jurisdictions, however, Arkansas, California, Colorado, Connecticut, District of Columbia, Kansas, Massachusetts, New Jersey, New York, North Carolina, Ohio, Texas and Wisconsin the court decisions refuse to recognize and uphold but instead deny the right to maintain an action by an infant child for alienation of affections of his parent by a third person.

In *Daily* v. *Parker*, 152 F.2d 174, (7th Cir.), 162 A.L.R. 819, the court gave recognition to certain family rights of children and reached the conclusion that a child has a right enforceable in a court of law against one who has invaded and taken from the child the support and maintenance of its father, as well as damages for the destruction of other rights which arise from the family relationship and which have been destroyed or defeated by a wrongdoing third person. In that case the court divided the rights of children into two groups: (1) the right to recover for injuries which arise from their right to support and maintenance from their parent which are financial in character; and (2) the right to recover for injuries to feelings and damages which arise from their rights to the comfort, the protection, and the society of their father. In the *Daily* case the plaintiffs were the four minor children of Olive Means Daily and Wilfred J. Daily who sued by their mother as next friend to recover from the defendant Marian Parker who enticed and lured their father from his home and induced him to live and cohabit with the defendant in Chicago and to refuse to contribute to their maintenance and support.

In *Johnson* v. *Luhman*, 330 Ill. App. 598, 71 N.E.2d 810, the plaintiffs were five minor children who sued by their mother Leone Johnson to recover from the defendant Lydia Luhman for alienating the affections of their father and depriving them of his support and society. It appeared

that the defendant had induced and enticed the father to desert his wife and minor children and to breach his legal duties to his family. The appellate court of Illinois, Second District, citing and relying upon the prior decision in *Daily* v. *Parker,* 152 F.2d 174, (7th Cir.), 162 A.L.R. 819, held that the plaintiffs had a right to protect their relationship with their parents and were entitled to damages from one who had destroyed their family unit.

In *Heck* v. *Schupp,* 394 Ill. 296, 68 N.E.2d 464, 167 A.L.R. 232, the court held unconstitutional a state statute which abolished the cause of action for alienation of affections, criminal conversation or breach of contract to marry because of an insufficient title and as violative of Article II, Section 19 of the Illinois Constitution which provided that "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly, and without delay." The opinion states that criminal conversation and alienation of affections "involve the rights which all members of the family have a right to protect. Not only does every member of the family have a right to protect the family relationship but the State likewise has an interest in the sacredness of the family relationship. Certainly to give a license to one who would disrupt that relationship by tying the hands of injured members of the family, is not only clearly in conflict with section 19 of article II of our State constitution, but appears to us to be contrary to all sense of justice."

In *Russick* v. *Hicks,* (W.D. and S.D. Mich.) 85 F. Supp. 281, in which two infant children of Theodore L. Russick and Mabel Bailey Russick, by their father as next friend, sued the defendant, Hicks, to recover damages which they alleged resulted from his conduct in enticing and inducing their mother to leave and desert them and their family home, the United States District Court, citing the *Daily* and *Johnson* cases and *Miller* v. *Monsen,* 228 Minn. 400,

37 N.W.2d 543, held that a minor child has rights in maintenance of the family relationship which the law will protect from all interference and invasion of outsiders and that a person who entices and induces a parent to leave and desert the family invades the legal rights of the child for which the child may maintain an action for damages.

In *Miller* v. *Monsen,* 228 Minn. 400, 37 N.W.2d 543, in which the plaintiff, a six year old minor, sued by her guardian to recover damages from the defendant Monsen for enticing her mother from the family home and depriving her of the benefits flowing to her from the family relationship, the decision is in accord with the *Daily* and *Johnson* cases and held that a minor child has a right of action against a person who entices his parent from the family home to recover damages sustained as a result of such enticement.

In the *Daily* and *Johnson* cases which are cited and relied upon by the plaintiffs in this proceeding in support of their claim of a cause of action against the defendant, the courts consider lack of precedent and law making by judicial decisions which has been characterized as judicial empiricism and were of opinion that lack of precedent was not a conclusive reason for denying right of action of a minor child for alienation of affections of the parent by a third person and approved, as proper, judicial law making of a cause of action of a minor child for alienation of affections of the parent by a third person in the absence of precedent for such cause of action.

Decisions in cases in thirteen jurisdictions which represent the contrary majority view and constitute the weight of authority, deny any cause of action of a minor child to recover damages from a person who disrupts family ties by enticing a parent away from the home and deprives the infant of the affection and care of his parent. *Lucas* v. *Bishop,* 224 Ark. 353, 273 S.W.2d 397; *Mode* v. *Barnett,* 235 Ark. 641, 361 S.W.2d 525; *Rudley* v. *Tobias,* 84 Cal. App. 2d 454, 190 P.2d 984; *Coulter* v. *Coulter,* 73 Colo. 144, 214 P. 400; *Taylor* v. *Keefe,* 134 Conn. 156, 56 A.2d 768; *McMillan*

v. *Taylor*, 81 App. D.C. 322, 160 F.2d 221; *Edler* v. *MacAlpine-Downie*, 180 F.2d 385 (D.C.Cir.); *Whitcomb* v. *Huffington*, 180 Kan. 340, 304 P.2d 465; *Nelson* v. *Richwagen*, 326 Mass. 485, 95 N.E.2d 545; *Henson* v. *Thomas*, 231 N.C. 173, 56 S.E.2d 432, 12 A.L.R.2d 1171; *Kleinow* v. *Ameika*, 19 N.J. Super. 165, 88 A.2d 31; *Katz* v. *Katz*, 197 Misc. 412, 95 N.Y.S.2d 863; *Morrow* v. *Yannantuono*, 152 Misc. 134, 273 N.Y.S. 912; *Kane* v. *Quigley*, 1 Ohio St. 2d 1, 203 N.E.2d 338; *Gleitz* v. *Gleitz*, 88 Ohio App. 337, 98 N.E.2d 74; *Gibson* v. *Johnston*, 75 Ohio L. Abs. 413, 144 N.E.2d 310, *appeal dismissed*, 166 Ohio St. 288, 141 N.E.2d 767; *Garza* v. *Garza* (Texas Civil Appeals) 209 S.W.2d 1012; *Scholberg* v. *Itnyre*, 264 Wis. 211, 58 N.W.2d 698.

In the cases just cited the courts advance various reasons for denying a cause of action of a minor child against a third person for alienation of love and affection of a parent in the absence of a statute authorizing such cause of action.

In *Gibson* v. *Johnston*, 75 Ohio L. Abs. 413, 144 N.E.2d 310, *appeal dismissed*, 166 Ohio St. 288, 141 N.E.2d 767, with reference to the contention, advanced in the case at bar, that the common law affords a remedy for every wrong, the court said:

"The maxim, 'Ubi Jus, ibi remedium', liberally translated, declares that a legal wrong is the resultant of the violation of a legal right, for which the law provides a remedy. A wrong not within the scope of the law of a given jurisdiction, either from the standpoint of the common law, or when not prescribed by statute, cannot be regarded as a legal wrong.

"The duty of the parent to support, educate and protect the child was given recognition under the common law, but the reciprocal rights of the child in relation to his interest in the society and affection of the parent, were not recognized under the common law as construed and applied in this state, except as may be modified by statute. It follows that a child does not

have a right of action for an injury which he has sustained in his relation with his parents, proximately caused by the negligent act of a third person."

In *Kane* v. *Quigley,* 1 Ohio St. 2d 1, 203 N.E.2d 338, concerning a cause of action of a minor child against a third person for alienation of affections of a parent, the opinion contains these statements:

"Such an action is not known at common law.

"At common law, the benefits and duties accruing as a result of the family relationship are deemed to be social rather than legal.

"Some jurisdictions allow such a cause of action on the theory that the common law is sufficiently flexible to be adaptable to modern concepts of family obligations. This is the minority view. * * *.

\* \* \*

"A child may indeed expect that his parent will have affection for him. This may be a moral obligation, but no legal obligation exists. The sole legal obligation imposed upon the parent is that of support. * * *.

"Several reasons have been advanced as justifying the refusal to allow recovery by children, i.e., that this invades the province of the Legislature, that there is a danger of multiplicity of suits, that there is a possibility of fraud, and that it would place the love and affection of the parent on a commercial basis. * * *.

"There is no legal right in a child to maintain such an action for alienation of affections since that cause of action is based upon the right of consortium."

In *Nelson* v. *Richwagen,* 326 Mass. 485, 95 N.E.2d 545, in which a minor child by her father as next friend sued the defendant for enticing her mother to desert her father and herself and depriving the plaintiff of maternal care and affection, the opinion contains these statements:

"At common law it is held that one spouse may maintain an action against a third person for procuring and enticing the other spouse to desert the plaintiff, and thus causing the deprivation of the plaintiff's right of consortium. * * *.

"In our opinion, however, the relation of parent and child is not analogous to the relation of husband and wife, in respect to the existence of a cause of action against a third person. One spouse has a right to the personal presence and care of the other. It is not enough that he or she furnish care for the other through the agency of other persons. Desertion alone, without more, is a matrimonial wrong. But a minor child has no legal right to the personal presence or care of a parent. If the parent provides support and care while absent from the child, the law is satisfied. So far as the parent is bound to support the child the parent may be compelled to do so by other proceedings. * * *.

"On the whole, we are inclined to join the weight of authority in holding that the child in the present case has no right of action. * * *." See also *Henson v. Thomas,* 231 N.C. 173, 56 S.E.2d 432, 12 A.L.R.2d 1171; *Scholberg v. Itnyre,* 264 Wis. 211, 58 N.W.2d 698.

Of course the parent is required to support a minor child in this jurisdiction but the right of such child to support is not involved in this action.

In *Gleitz* v. *Gleitz,* 88 Ohio App. 337, 98 N.E.2d 74, discussing the question whether a child, acting through his mother as next friend, can maintain an action against third persons for wrongfully disrupting the family circle and depriving the child of the affection, companionship, guidance and care of his father, the court said:

"Concededly no such action was known to the common law, and there is in Ohio no statutory authority for the maintenance of such an action. * * *.

"Much has been said and written concerning 'judicial empiricism' or the right of courts to legislate. However, the members of this court are of the opinion that the right to create new legal rights and remedies is by the supreme law of our state, vested in the legislative bodies and not in the courts; and we do not feel constrained to encroach upon the prerogatives of the legislative branch of the government.

"We recognize that there are divergent lines of authority upon the question under consideration. However, we think the weight of authority and reason requires adherence by us to the rule announced in Nelson v. Richwagen, Mass., 95 N.E.2d 545."

In *Whitcomb* v. *Huffington*, 180 Kan. 340, 304 P.2d 465, in discussing the reasons for denying the cause of action of an infant child for loss of love and affection of his parent by the wrongful act of a third person the court used this language: "In practical effect we would be opening up a new field of litigation, heretofore entirely unknown, between minor children and their grandparents, for instance, or between minor children and business or social companions or acquaintances of their parents, when, perchance, some incident or line of conduct on the part of those persons occurs which might be said to have contributed to the eventual breakup of the family home and circle. We recognize fully that merely because the asserted cause of action was unknown to the common law and has no statutory sanction in this state, such fact does not present a conclusive reason for the denial of the existence of such right. Nevertheless, we are of the firm conviction that from the standpoint of sound public policy the creation of new rights of action in the field of alienation of affections is a question for the consideration and determination of the legislature, and is a function which this court should not usurp."

From the foregoing it is clear that at common law there is no right or cause of action in favor of an infant

child against a third person for depriving the child of the love, care and affection of his parent and no statute of this State authorizes such right or cause of action. This Court, therefore, holds that at common law there is no right or cause of action in favor of a minor child, against a third person for causing the alienation of affections of his parent and that, in the absence of a statute authorizing such action, no such cause of action exists in this jurisdiction. Such cause of action should be created, if at all, by statute and not by judicial decision.

There is no merit in the contention of the plaintiffs that the statute, Section 2a, Article 3, Chapter 56, Code, 1931, as amended, is invalid as violative of Article III, Section 17 of the Constitution of this State. That provision has no application to an action for alienation of affections or an action for breach of promise to marry for such actions do not affect or relate to an injury to any person in his person, property or reputation. The statute does not affect or extinguish any legal right or cause of action of a minor child. Instead, the statute abolishes the common law action of breach of promise to marry and the common law action of alienation of affections in favor of one spouse for the loss of the affections of the other spouse which arises from the marital relationship and involves and is based upon the right of consortium. *Young* v. *Young*, 236 Ala. 627, 184 So. 187; *Kane* v. *Quigley,* 1 Ohio St. 2d 1, 203 N.E.2d 338, *Nelson* v. *Richwagen,* 326 Mass. 485, 95 N.E.2d 545. But even if there were such action as a result of judicial decision, the statute would, nevertheless, be a valid legislative enactment. No provision of the Constitution of this State preserves or guarantees the existence of the common law cause of action for alienation of affections of a spouse by a third person or for breach of promise to marry. In several states the common law action for alienation of affections has been abolished by statutes and such statutes have been upheld as valid and constitutional. *Young* v. *Young,* 236 Ala. 627, 184 So. 187;

*Ikuta* v. *Ikuta,* 97 Cal. App. 2d 787, 218 P.2d 854; *Taylor* v. *Keefe,* 134 Conn. 156, 56 A.2d 768; *Pennington* v. *Stewart,* 212 Ind. 553, 10 N.E.2d 619; *Rotwein* v. *Gersten,* 160 Fla. 736, 36 So. 2d 419; *Bean* v. *McFarland,* 280 Mich. 19, 273 N.W. 332; *Bunten* v. *Bunten,* 15 N.J. Misc. 532, 192 A. 727; *Hanfgarn* v. *Mark,* 274 N.Y. 22, 8 N.E.2d 47. *Contra, Heck* v. *Schupp,* 394 Ill. 296, 68 N.E.2d 464, 167 A.L.R. 232.

In the *Taylor* case the opinion contains these statements: "since 1935 at least twelve states, including our neighbors Massachusetts and New York, have by statute taken away the right of a husband or wife to bring an action for alienation of affections." and that such action by them "suggests widespread appreciation of the fact that the social advantages of granting the right claimed would be outweighed by the disadvantages. * * *. The refusal by the court to grant it does not violate article first, § 12, of the Connecticut constitution, guaranteeing redress 'for an injury done' to the plaintiff for 'injury' as there used means a legal injury, that is, one violative of established law of which a court can properly take cognizance."

In *Rotwein* v. *Gersten,* 160 Fla. 736, 36 So. 2d 419, the court said that although actions for alienation of affections, criminal conversation and breach of contract to marry were a part of the common law and have long been a part of the law of this country, an act abolishing them was within the legislative power, and that the right of a husband in a wife or of a wife in a husband is not property such as is protected by the Constitution but that marriage creates a mutual right of consortium and affection which is a social or personal relation that is not protected by the Constitution.

Article VIII, Section 21, of the Constitution of this State provides in part that "Such parts of the common law, and of the laws of this State as are in force when this article goes into operation, and are not repugnant thereto, shall be and continue the law of the State until altered or repealed by the legislature."

In the opinion in *State* v. *The Farmers Coal Company,* 130 W.Va. 1, 43 S.E.2d 625, this Court said that "unless restricted by the Constitution, the Legislature may change the common law at any time it sees fit."

In *The State Road Commission of West Virginia* v. *The County Court of Kanawha County,* 112 W.Va. 98, 163 S.E. 815, this Court held in Point 2 of the Syllabus that "The general powers of the legislature are almost plenary. It can legislate on every subject not interdicted by the constitution itself.", and in Point 3 of the Syllabus that "In considering constitutional restraint, the negation of legislative power must be manifest beyond reasonable doubt."

From the foregoing authorities it is clear and this Court holds that Section 2a, Article 3, Chapter 56, Code, 1931, as amended, which provides that no civil action shall lie or be maintained in this State for breach of promise to marry or for alienation of affections unless such action was instituted prior to the effective date of the statute, is constitutional and valid.

Though Section 2a, Article 3, Chapter 56, Code, 1931, as amended, does not apply to or affect the alleged cause of action of the plaintiffs as minor children for alienation of affections of their parent as hereinbefore indicated and dealt with in this opinion, this Court has considered and determined the question of the validity of that statute because the Court of Common Pleas and the Circuit Court denied the claim of the plaintiffs for the stated reason that their asserted cause of action was abolished by the statute and the constitutionality of the statute is raised and its validity is challenged in this proceeding.

The judgment of the Court of Common Pleas of Kanawha County and the judgment of the Circuit Court of Kanawha County are affirmed.

*Affirmed.*