John D. Lynch, Lynch, DiLuglio, Pannone & Costello, Warwick, John A. Varone, Pallozzi, Varone & Attilli, No. Providence, for plaintiff.

Joseph J. McGair, Petrarca & McGair, Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal by the plaintiff, Gerald Zarella, taken as parent and next friend on behalf of his two minor children. The trial justice granted summary judgment in favor of the defendant, and it is from that judgment entered on June 1, 1982, that plaintiff currently appeals. We affirm the trial justice's grant of summary judgment, and therefore the plaintiff's appeal is denied and dismissed.

The following facts have been established. The instant suit was commenced on September 20, 1977, by plaintiff father on behalf of his two minor sons exactly four days subsequent to the remarriage of their mother. The suit against the new husband was premised upon his fault in causing the alleged alienation of the mother's affection. They claimed that he had wrongfully enticed her away from them by seducing her, resulting in their deprivation of her comfort, security, and aid. The defendant's two motions to dismiss for failure to state a claim upon which relief could be granted

Gerald ZARRELLA.

v.

Sidney ROBINSON.

No. 82–327–Appeal.

Supreme Court of Rhode Island.

May 22, 1985.

were denied by two consecutive trial justices. However, defendant's motion for summary judgment filed two and a half years subsequent to his second unsuccessful attempt to dismiss the action was granted by a third trial justice who stated that "it is quite clear to this Court that the status of Rhode Island law on this issue is that children have no such right to bring an action of alienation of affections against the seducer of the parent. That such a right exists only in the spouse who has been deprived of the aid, comfort, and society of his or her spouse by the actions of the defendant. Such a right exists only in the deprived spouse."

The sole issue presented on appeal is whether a minor child has the right to sue a third person for alienating the affections of the minor's parent.

It is clear after a review of the historical material on point that no such cause of action existed at common law (*See*, Prosser and Keeton, *The Law of Torts* § 124 at 929 (5th ed.1984)) nor has such a right been established by statute in Rhode Island.[1] We decline to expand the common law in the instant situation.

Even in those alienation-of-affection actions brought by adults, the general trend is away from recognizing such actions. *See Bailey v. Huling*, 119 R.I. 250, 252 n. 1, 377 A.2d 220, 221 n. 1 (1977). Since the 1930's, half of the states have abolished, or at least have severely limited, the action for alienation of affections or the action for criminal conversation or both.[2] Prosser and Keeton, *The Law of Torts*, § 124 at 930 (5th ed.1984). One rationale behind this trend has been the increasing recognition by the courts of the autonomy of each spouse, laying to rest the archaic notion that one spouse constitutes the property of the other spouse. More importantly, however, courts are recognizing the vindictive desires motivating such actions and are trying to put an end to this type of exploitation of the judicial system. Prosser and Keeton, § 124 at 929–30.

In light of the trend away from recognizing such actions in the context of *adults*, it would certainly be even more difficult to find support for allowing a *minor* to sue for the alienation of affection of his or her parent. The plaintiff's argument is that minors are entitled to affection, moral support, and guidance from *both* parents and that a child has a legal right to protect his interest in the family and its benefit from outside interference. The overwhelming response of courts that have addressed the very issue addressed here has been to disallow such an action by a minor.[3] *Id.*

Currently, only two jurisdictions exist (Illinois and Minnesota) that recognize a minor's right to bring an action for the alienation of affection of his or her parent.

---

1. General Laws 1956 (1969 Reenactment) § 9–1–14, as amended by P.L. 1976, ch. 188, § 1, does not authorize such an action. This section serves only to limit the amount of time within which such actions must be brought by a parent for the alienation of his child's affections but not vice versa. Furthermore, the Legislature recently created a new right of action for loss of consortium applicable to unemancipated minors for negligent injuries inflicted upon their parents.

2. *See* Prosser and Keeton, *The Law of Torts*, § 124 at 930 n. 93 (5th ed.1984) for a compilation of statutes from these jurisdictions.

3. *See also Edler v. MacAlpine-Downie*, 180 F.2d 385 (D.C.Cir.1950); *Mode v. Barnett*, 235 Ark. 641, 361 S.W.2d 525 (1962); *Rudley v. Tobias*, 84 Cal.App.2d 454, 190 P.2d 984 (1948); *Taylor v. Keefe*, 134 Conn. 156, 56 A.2d 768 (1947); *Hunt v. Chang*, 60 Hawaii 608, 594 P.2d 118 (1979); *Wheeler v. Luhman*, 305 N.W.2d 466 (Iowa 1981); *Whitcomb v. Huffington*, 180 Kan. 340, 304 P.2d 465 (1956); *Nelson v. Richwagen*, 326 Mass. 485, 95 N.E.2d 545 (1950); *Miller v. Kretschmer*, 374 Mich. 459, 132 N.W.2d 141 (1965); *Hale v. Buckner*, 615 S.W.2d 97 (Mo. App.1981); *Kleinow v. Ameika*, 19 N.J.Super. 165, 88 A.2d 31 (1952); *Katz v. Katz*, 197 Misc. 412, 95 N.Y.S.2d 863 (1950); *Roth v. Parsons*, 16 N.C.App. 646, 192 S.E.2d 659 (1972), *cert. denied*, 282 N.C. 582, 193 S.E.2d 745 (1973); *Kane v. Quigley*, 1 Ohio St.2d 1, 203 N.E.2d 338 (1964); *Nash v. Baker*, 522 P.2d 1335 (Okla.App. 1974); *Garza v. Garza*, 209 S.W.2d 1012 (Tex. Civ.App.1948); *Wallace v. Wallace*, 155 W.Va. 569, 184 S.E.2d 327 (1971); *Scholberg v. Itnyre*, 264 Wis. 211, 58 N.W.2d 698 (1953); *see* Annot., 60 A.L.R.3d 931 (1974).

*Johnson v. Luhman,* 330 Ill.App. 598, 71 N.E.2d 810 (1947); *Miller v. Monsen,* 228 Minn. 400, 37 N.W.2d 543 (1949). Minnesota is the only state that still has a judicially created cause of action. *Miller v. Monsen,* 228 Minn. 400, 37 N.W.2d 543 (1949). The rationale behind the majority view disallowing such an action has been the attempt to curtail the exploitation of the judicial process by a disgruntled parent who has lost his/her own right to sue on his/her own behalf. Such a rationale is applicable to the instant case; plaintiff lost his right to sue on his own behalf since the jury's verdict below constituted a finding that there had been no alienation of affections. *Zarrella v. Robinson,* — R.I. —, —, 460 A.2d 415, 420 (1983). Other persuasive rationales that have been articulated on this point are (1) the desire to prevent the opening of judicial floodgates that would put at risk the partner of any divorced parent who remarries and (2) the desire to prevent turning "the family" into a commercial and emotional battleground.

We conclude that the reasoning of the majority of the states articulated above has merit, and therefore, we decline to expand the common law to include a right of action by a minor against a third party for the alienation of affection of his or her parent.

We affirm the judgment of the trial justice. The plaintiff's appeal, taken on behalf of his children, is denied and dismissed.