BESSIE GROBART, PLAINTIFF-APPELLANT, v. MEYER GROBART, SAMUEL GROBART, YETTA TEITELBAUM AND ROSE ROWITZ, DEFENDANTS-RESPONDENTS.

Argued June 5, 1950—Decided June 27. 1950.

*Mr. Alex. Simpson* argued the cause for the appellant.

*Mr. John A. Hartpence* argued the cause for the respondents (*Mr. Peter Bentley,* attorney).

The opinion of the court was delivered by

ACKERSON, J.   The plaintiff, Bessie Grobart, instituted the present action in the Superior Court, Law Division, against the defendants (her brothers and sisters-in-law) by complaint filed October 2, 1948, in which it is alleged that from June 9. 1933, to March 30, 1948, inclusive, the defendants "did

wickedly conspire with malice to injure the plaintiff in her marital relations with her husband Louis Grobart to whom she was married on the 20th day of December, 1925, and as a result of said conspiracy did the following acts," which may be tersely summarized as follows: (a) deprived plaintiff of certain rights in her husband's real and personal property by means of fraud and deceit; (b) prevented her from obtaining maintenance from her husband by a suit in the Court of Chancery which she could have done if defendants had not conspired to prevent it; (c) forced her to compromise with the City of Paterson certain claims she had as the wife of Louis Grobart for a sum much less than the true value thereof; (d) induced plaintiff's husband to bring a suit for divorce for adultery, well knowing the charges to be untrue, which suit resulted in her favor; (e) compelled plaintiff to obtain a divorce from her husband on the ground of desertion which she would not have done except for defendants' malicious conduct; (f) forced her to spend $10,000 to defend herself on a false charge of adultery brought against her by her husband because of the defendants' conspiracy to that end—indicating malicious prosecution for the crime of adultery, and (g) by reason of the foregoing malicious acts plaintiff's health, good name and reputation have been impaired,—suggesting elements of libel and slander. The foregoing specifications of alleged wrongs are set forth in separate paragraphs of the complaint.

The trial judge, on motion, struck the complaint as legally insufficient on the ground that the gravamen of the action attempted to be pleaded was alienation of affections and therefore barred by the statute, *R. S.* 2:39A–1 *et seq.* (*P. L.* 1935, *c.* 279, *p.* 896), known as the "Heart Balm Act." The trial court also denied plaintiff's request to amend the complaint to state each of the above specified wrongs in separate counts on the ground that it would be against the "strong public policy" expressed in the aforesaid statute.

The Appellate Division of the Superior Court affirmed the judgment of the lower court and an appeal was taken here

as a matter of right because of the constitutional question here-inafter referred to. *Art. VII, Sec. V, par.* 1(a); *Rule* 1:2–1.

Plaintiff insists that the complaint is not grounded in alienation of affections, but rests upon the theory of a con-spiracy to deprive her of and injure her in certain property rights, *i. e.,* loss of dower and choses in action, and loss and injury by fraud, malicious prosecution, libel, slander, etc., as distinguished from the loss of *consortium* which is the basis of an action for alienation of affections. In other words it is urged that the court failed to distinguish between an action to protect the first class of rights and one for alienation of affections. It is further claimed that if the "Heart Balm Act" is construed to prohibit actions of the former class, then it is unconstitutional in that it deprives plaintiff of guaran-teed property rights without due process of law.

In our view, however, it is unnecessary to consider the constitutional question for we believe that the subject matter of the complaint, in large part at least, does not involve the "Heart Balm Act," and, if properly pleaded, embraces causes of action which are beyond the interdiction of that statute.

The causes of action abolished by this statute are enu-merated in section 1 thereof (*R. S.* 2:39A–1) as follows:

"The rights of action formerly existing to recover sums of money as damage for the alienation of affections, criminal conversation, seduction or breach of contract to marry are abolished from and after June twenty-seventh, one thousand nine hundred and thirty-five."

The gist or gravamen of the action for alienation of affections is the loss of *consortium* by which term is meant loss of the marital affections, comfort, society, assistance and services of a spouse who has been wrongfully enticed away and the damages recoverable are peculiarly referable thereto. The action is one in tort and the substance of this remedy is not the destruction of affection *per se* but loss of the conjugal society with its mutual rights and obligations directly refer-able thereto. *Dey v. Dey,* 94 *N. J. L.* 342, 344 (*Sup. Ct.* 1920); *Davenport v. Holden,* 95 *Id.* 197, 200 (*E. & A.* 1920);

27 *Am. Jur.* (*Husband and Wife*), §§ 522-524, *pp.* 123, 127; *Ibid.,* § 536, *p.* 136; 42 *C. J. S.* (*Husband and Wife*), § 665, *pp.* 318-320; *Ibid.,* § 692, *pp.* 347-348.

██ The inquiry in construing statutes is to determine the purpose and intent of the Legislature. If the statute alters or amends the previous law or creates or abolishes types of actions, it is important, in discovering the legislative intent, to ascertain the old law, the mischief and the proposed remedy. *Blackman v. Iles,* 4 *N. J.* 82, 89 (1950). Legislation must be accorded a rational interpretation consistent with its manifest purpose. *Pine v. Okzewski,* 112 *N. J. L.* 429, 437 (*E. & A.* 1933).

██ In ascertaining the scope of actions the abolishment of which the "Heart Balm Act" was intended to accomplish, we are aided in our inquiry by the broad principles said to underlie the enactment as expressed in the preamble thereto. A preamble may be resorted to for assistance in ariving at the true intention of the lawmakers where doubt arises as to the construction of the statute. *Blackman v. Iles, supra.* It is evident from a reading of the preamble thereto that the purpose of the aforesaid statute is to abolish certain causes of action, *i. e.,* alienation of affections, criminal conversation, seduction and breach of contract to marry, arising out of and dependent upon the marital relation, which causes of action, as stated in the preamble, have subjected our people to "extreme annoyance, embarrassment, humiliation and pecuniary damage." Experience has shown that these actions have been abused by unscrupulous persons and have served as vexatious vehicles in the perpetration of fraud. This is the evil the Legislature intended to remedy by the enactment of the "Heart Balm" statute.

██ It is evident that the complaint in the case *sub judice,* while inartistically and loosely drawn, is not based upon the marriage relationship itself. The gravamen of this pleading is not laid in alienation of affections but rather in conspiracy to perpetrate wrongs that have no relation whatever to the interdictions of the statute in question and recovery is not

sought for loss of the conjugal society and services of the plaintiff's husband. The usual allegations to show the effect of the stated acts upon the affections of the husband are not pleaded. We cannot conceive that the statute was designed to deprive plaintiff of redress for such wrongs merely because they are related or incidental to the marital relation. To so conclude would result in placing a strained construction upon the act far beyond the mischief sought to be remedied and cast grave doubts upon its constitutionality, at least to that extent. The intention of the lawmakers was to prevent extortion and blackmail that often accompanied the institution of the actions specifically outlawed by the statute but it was not intended to reach further and prohibit all actions involving property and personal rights not subject to those abuses in which actions married persons are concerned.

We, therefore, conclude that the complaint, although imperfectly drafted, nevertheless attempts to assert causes of action which are outside the purview of the "Heart Balm Act." Therefore the pleading should not have been stricken and judgment entered for the defendants but leave should have been given to amend it in accordance with plaintiff's motion so as to set forth such causes clearly, specifically and in separate counts, subject to the supervisory powers of the court. The Appellate Division held that this motion was properly denied since the record discloses no detailed statement of what the purported amendment was to be, citing *Grobart v. Society for Establishing Useful Mfrs.*, 2 *N. J.* 136, 146 (1949). However, the cited case is not controlling, for in the case *sub judice* the plaintiff, on the record before us, was given no real opportunity to present her amendments to the court in detailed form. The trial judge denied plaintiff's application to amend the complaint because of the public policy expressed in the statute (*R. S.* 2:39A–1 *et seq.*), having determined that the gist of the action was alienation of. affections and barred thereunder and therefore no amendments would be considered. There was no doubt in the case *sub judice* as to what plaintiff's amendment would have been if

leave to make it had been granted, whereas in the case relied upon, *Grobart v. Society for Establishing Useful Mfrs., supra,* there was nothing to indicate to the court what the amendment would have been if allowed.

The judgment below is reversed and the cause remanded with leave to amend the complaint in conformity with the views hereinabove expressed.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, BURLING and ACKERSON—4.

*For affirmance*—Justices CASE and OLIPHANT—2.