16 N.J. Super. 355 (1951)
84 A.2d 655
MARTIN OLTARSH AND ABRAHAM L. OLTARSH, PLAINTIFFS-APPELLANTS,
v.
NATIONAL VELVET CORP., A CORPORATION, NATIONAL REALTY CORP., A CORPORATION, MAX OLTARSH, DAVID L. COLE, IVAN KAPLIN AND IRVING COHEN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1951.
Decided November 21, 1951.
*356 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
*357 Mr. Elias A. Kanter argued the cause for appellants.
Mr. Mendon Morrill argued the cause for respondents (Messrs. Cole, Morrill & Nadell, attorneys).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Plaintiffs' verified complaint filed in the Law Division sought an inquiry under R.S. 14:10-16 into the validity of elections of directors of the corporate defendants. The statute requires that the inquiry "shall * * * proceed forthwith, and in a summary way." See Rule 3:79.
The complaint was filed February 20, 1951, and the summary hearing was first noticed for February 23. Adjournments by consent of the parties continued the hearing date to April 20. Meanwhile defendants served and filed answering affidavits and noticed a motion for summary judgment. On April 16 plaintiffs' present counsel, who for several weeks had participated in negotiations for settlement being carried on by the parties, was formally substituted for the attorneys who filed the complaint. He was of the opinion that the complaint was insufficient in law to support a claim for relief under the statute. On April 17 he unsuccessfully sought from defendants' attorney their consent to a further adjournment. On the same day he advised the court by letter of his intention on April 20 to request a two weeks' continuance. On April 20 he orally moved for a two weeks' continuance for the stated purpose of enabling him to prepare and file an amended complaint, or, in the alternative, asked for the dismissal of the cause without prejudice. His affidavit, filed that day, in support of his motion stated his opinion that "it will be necessary to make substantial amendments of the complaint" "in order fully and fairly to present merely the legal issue of the invalidity of the elections" and that before doing so it was necessary for him to examine various books and records of the corporations and "to collate" "other facts" of which his clients had informed him, "which *358 I believe may have an important bearing on the determination of this cause." The affidavit also included the following paragraph (emphasis supplied):
"E. Certain facts which my clients have told me convince me that they may have certain equitable rights which have not been asserted in the complaint. At this time, I am not sure that such equitable rights may be asserted, even though they seriously affect (to put it mildly) the right of the individual defendants or most of them to be directors of either of the defendant corporations. It may become necessary for me to file an amended complaint to assert those rights, if I should determine that this Court has jurisdiction. If I should conclude that this Court may not have jurisdiction or that a more ample remedy is afforded in some other tribunal, I shall be obliged to file an appropriate complaint there and the result therein will, I am convinced, affect the right of most of the individual defendants to act as directors and the right of Max Oltarsh with respect to the shares which he voted."
The trial court refused to continue the hearing or to permit plaintiffs to dismiss the cause without prejudice. Plaintiffs' attorney then declined to proceed with the summary hearing or to oppose defendants' motion for summary judgment which was moved and argued. Findings of fact were filed upon which a summary judgment was entered establishing the elections as valid, and a separate order was entered denying plaintiffs' motion in both aspects. From the judgment and the order plaintiffs appeal.
Plaintiffs concede that on the merits the summary judgment was properly entered in face of the deficiencies in their complaint as filed. The argument for its reversal is that it was improvidently made, as the court should have allowed a continuance of the summary hearing to enable plaintiffs to amend or, alternatively, should have permitted them to dismiss the cause without prejudice. The circumstances are not persuasive that there was error requiring that the judgment be set aside. "An application to amend must be definite and categorical, not vague or unexpressed." Grobart v. Society for Establishing Useful Manufactures, 2 N.J. 136, 146 (1949). And, assuming that a proposed written amendment was not reasonably to be expected in the *359 circumstances, nevertheless both the trial court and the defendants were entitled to know "what plaintiff's amendment would have been if leave to make it had been granted." Grobart v. Grobart, 5 N.J. 161, 168 (1950). The affidavit of plaintiffs' counsel not only does not suggest what the amendment would have been if allowed, but indeed makes it clear that he was unaware of the existence of any facts to support a claim under the statute. The affidavit mentions "other facts" and "certain facts" without providing the slightest clue as to what such facts are. And it speaks of the supposed other facts not as supporting a claim for relief under the statute but as facts upon which plaintiffs "may have certain equitable rights"; even then he says, "I am not sure that such equitable rights may be asserted."
Plainly no showing was made such as would entitle the plaintiffs to a continuance so that the complaint might be amended or to entitle them to dismiss without prejudice. By their own admission their complaint pleaded nothing entitling them to relief under the statute and they were not able to present anything showing that there was any probability of the existence of facts which could be pleaded to remedy its infirmities. Indeed, although over six months have elapsed, their attorney was unable to tell this court at the oral argument what facts he had discovered since April which would enable him to plead a statutory claim. And that plaintiffs' attorney was formally substituted only four days before the motion was made is not persuasive; he had been active in the matter for several weeks prior to that date and his affidavit significantly does not protest any unfamiliarity with the essentials of his clients' position in the dispute. Clearly the trial court and the respondents were being asked "to buy a pig in a poke in the shape of an undisclosed amendment," Grobart v. Society for Establishing Useful Manufactures, supra. And so, not only upon considerations of the summary nature of the proceeding and the statutory injunction that it "proceed forthwith," but also because defendants were not to be subjected in these circumstances to continued harassment *360 and expense in the defense of unsubstantial claims, plaintiffs were not entitled to have their motion granted in either aspect, and the order denying the motion is affirmed.
Plaintiffs' attorney represented at the oral argument that there existed an agreement among the stockholders as to the voting of their respective holdings and that at the elections that agreement had been breached by the individual defendants in such manner as to support a right in plaintiffs to equitable relief. He expressed apprehension that the summary judgment might be interpreted as a bar to the bringing of an action not founded upon the statute. This effect may be avoided without reversal of the summary judgment. That judgment is affirmed but as entered it will be amended by adding a new paragraph stating, "This judgment is without prejudice to the bringing of any action by plaintiffs which does not include a claim for relief within R.S. 14:10-16." No costs to either party.