131 N.J. Super. 571 (1974)
330 A.2d 646
WALTER STRAUSS, PLAINTIFF,
v.
STATE OF NEW JERSEY AND FREDERICK CORDES, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 20, 1974.
*572 Mr. Melvin R. Solomon for plaintiff (Mr. Ned J. Parsekian, attorney).
Mr. Lawrence G. Moncher, Deputy Attorney General for defendants (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
DALTON, J.S.C.
This matter comes on before this court on motion of defendant State of New Jersey to dismiss the first count of the amended complaint filed on the grounds of sovereign immunity, and as barred by New Jersey statute N.J.S.A. 52:4A-1. The motion as filed concerns itself with threshold immunity, namely, whether under the facts of this case plaintiff may even file a complaint against defendant State of New Jersey.
The factual history leading to the filing of the amended complaint is as follows: plaintiff Walter Strauss was convicted in Bergen County on May 14, 1966 for selling marijuana to Frederick Cordes, an undercover narcotics agent of *573 the New Jersey State Police, in violation of N.J.S.A. 24:18-4. His principal defense at the trial was that he had been entrapped by Cordes and an informant, Joseph Corrolla. His conviction was affirmed by the Appellate Division; certification was denied by both the New Jersey and United States Supreme Courts. Strauss was released on parole after serving five years of a 10-15 year sentence. A writ of habeas corpus was granted by United States District Court Judge Shaw on November 16, 1971 on the grounds that informer Corrolla, an active participant in establishing an atmosphere of confidence both prior to and during the moments of critical conversation preceding the sale of the drug, was not available at the trial. Judge Shaw found that
* * * the State offered no assistance to petitioner for production of this witness, who, on the crucial issue of entrapment, may have been able to furnish material proof in support of that defense.

* * * * * * * *
* * * refusal of the State to assist petitioner in obtaining possible exculpatory evidence constituted fundamental unfairness in violation of due process.
Upon this basis the conviction was vacated and the State was directed to move for retrial within 120 days from the date of the writ of habeas corpus. The State did not retry Strauss.
Subsequently, on August 17, 1973, Strauss filed a pro se complaint for civil damages against the State of New Jersey, which was amended on January 28, 1974 by counsel to state a claim for malicious prosecution based upon a conspiracy by Cordes, the State and the informant Corrolla.
The State, through the Attorney General, has moved for dismissal as to count of the amended complaint which alleges a cause of action against the State of New Jersey. Both parties agreed that the cause of action, if any, arises during the period covered by N.J.S.A. 52:4A-1. The Attorney General argues that this statute bars any recovery by Strauss against the State under the theory of sovereign immunity. N.J.S.A. 52:4A-1 provides:
*574 Except for actions founded upon the Constitution of this State or the United States or an express provision of the statutory laws of this State, no action shall be instituted or continued against the State or any department or other agency thereof for the recovery of money damages, based on tort, where the cause of action accrues prior to July 1, 1972.
Plaintiff argues that the complaint alleges a violation of his due process rights under the Federal Constitution, and his rights under Art. I, par. 10, N.J. Const. (1947) therefore, the cause of action falls within the express exception found in N.J.S.A. 52:4A-1 which excludes actions founded upon the Constitution of this State or the United States from the immunity provided in the statute.
Prior to 1970 the State of New Jersey had traditionally enjoyed sovereign immunity in the area of contract and tort liability. However, in 1970 the New Jersey Supreme Court abolished the common-law sovereign immunity of the State in contract actions, P., T. & L. Const. Co. v. Comm'r, Dept. of Transp., 55 N.J. 341 (1970), and in tort actions, Willis v. Dept. of Cons. & Ec. Dev., 55 N.J. 534 (1970).
The Willis case was decided on April 20, 1970, and on June 15, 1970 the Legislature, as a direct response, amended N.J.S.A. 52:4A-1, which was intended to bar any action against the State of New Jersey which accrued prior to July 1, 1971. This act was later amended to extend the moratorium period as to torts until July 1, 1972.
Although there have been numerous cases interpreting N.J.S.A. 52:4A-1, the court has been unable to find any case in which plaintiff had alleged a cause of action in tort which was founded on the alleged violation of a constitutional duty. The court, therefore, must now interpret the meaning and effect of this statute upon such a claim. In reaching the decision this court was unable to look to the traditionally accepted aids to statutory construction (there being no introductory statement to the Senate bill), no amendments during passage, and the bill was signed by the Governor without comment. The court feels that these *575 tools, although they would be useful, are not required since the statute is clear and unambiguous on its face in permitting a civil action in cases in which a plaintiff can establish a constitutional basis for his claim. Although, when a statute is ambiguous on its face, statutory construction will permit analysis of the preamble and history of legislation to determine the legislative intent (Grobart v. Grobart, 5 N.J. 161 (1950)), where the wording of the statute is explicit and clear, the court is not free to indulge in presumption, Bass v. Allen Home Improvement Co., 8 N.J. 219, 226 (1951).
The court is mindful of Sutherland's warning that
* * * independent judicial determination arrived at exclusively from the reading of the words in the statute does not insure accurate interpretation and thus for the court to assert that the statute is clear and unambiguous is merely to assert that the statute as read by the court produces a result which is satisfactory to the court. It does not necessarily mean that as read it reflects the legislative intent. [2 Sutherland, Statutory Construction (3 ed. 1943), § 4505]
However, in cases such as this one in which there is no statutory history, the court would be derelict in its duty if it adopted its own independent interpretation of these words when their apparent meaning as single words and as a whole appear clear and unambiguous.
The only remaining issue for this court to decide is whether plaintiff's cause of action as stated in count 1 of the amended complaint is an "action founded upon the Constitution of this State or the United States."
In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 395, 91 S.Ct. 1999, 2004, 29 L.Ed.2d 619 (1971), the United States Supreme Court stated that "Historically, damages have been regarded as the ordinary remedy for an invasion of personal interests in liberty." The court further stated that although a constitutional amendment does not expressly provide for an enforcement by the award of civil damages for the violations thereof,
*576 It is * * * well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done. [Id. at 396, 91 S.Ct. at 2004 (quoting from Bell v. Hood, 327 U.S. 678, 684, 66 S.Ct. 773, 90 L.Ed. 939 (1946)]
In Cashen v. Spann, 125 N.J. Super. 386 (App. Div. 1973), a cause of action for civil damages arising from the violation of a plaintiff's rights under the Fourth Amendment of the United States Constitution was recognized by our Appellate Division. In that case the State was not involved as a party due to plaintiff's mistaken belief that the County of Morris was responsible for the actions of the Morris County prosecutor and his agents. [at 403]. While the court did find that the county was improperly pleaded under the theory of respondeat superior, it did not have before it, nor did it discuss, whether the State would have been immune if properly pleaded. [at 403-404].
The significance of the decision is the fact that our courts do recognize tort actions based upon violations of an individual's constitutional rights.
The State cites three cases to support its position that the State is absolutely immune from suit in tort. First, P.T. & L. Construction Co. v. Comm'r Dept. of Transp., 60 N.J. 308, 315 (1972), which is the third P.T. & L. decision in which the court refused to delay proceeding in contract cases. The State directs this court's attention to the Supreme Court's statement that
Unlike claims in tort as to which the Legislature may understandably be troubled in deciding upon a substantive basis for State liability, there is no comparable difficulty when the claim rests upon an express contract. [at 315].
The State interprets this to mean that while the court disallowed a continuance of immunity in contract cases, it was indicating an intention to allow a complete bar in tort cases for the distinguishing reasons stated above. However, this statement by the court is not controlling in the case *577 now before this court. Plaintiff here has alleged a cause of action based upon constitutional principles which, regardless of the dictum of the court, is specifically excepted from the immunity afforded by N.J.S.A. 52:4A-1.
Nothing in the language of the court in the first P.T. & L. case as cited by the State indicates that the court was passing judgment on this clause of the statute, nor was the issue before the court. This court can only assume that the Supreme Court was directing its statements to those torts which do not come within the purview of this limited statutory exception.
Similarly, the court is not impressed with the State's reliance on Harris v. State, 61 N.J. 585, 589 (1972); Maule v. Conduit & Foundation Corp., 124 N.J. Super. 488 (Law Div. 1973), nor Perillo v. Dreher, 126 N.J. Super. 264 (App. Div. 1974). While these cases did uphold the State's immunity from suits in tort under N.J.S.A. 52:4A-1, none of the cited cases involved a cause of action founded upon the Constitution of this State or the United States. Harris involved a prisoner's suit against the State for injuries sustained when he was assaulted by a fellow prisoner, alleging negligence in duty of care in the "hiring and supervision of proper and competent help." Harris v. State, 118 N.J. Super. 384, 387 (App. Div. 1972). On appeal to the Supreme Court, Harris v. State, 61 N.J. 585 (1972), the State's liability was not even asserted by the appellant. [at 590].
Similarly, Maule v. Conduit & Foundation Corp., 124 N.J. Super. 488 (Law Div. 1973), involved a wrongful death action against a highway contractor and the State arising from an auto accident. Clearly, the cause of action in Maule did not involve the exception to N.J.S.A. 52:4A-1. However, it is noteworthy that the court in Maule recognized that
In response to this judicial pronouncement the Legislature enacted L. 1970, c. 98 (N.J.S.A. 52:4A-1), which precluded civil liability not based on constitutional grounds until July 1, 1971. [at 491].
*578 Finally, the State relies on Perillo v. Dreher, 125 N.J. Super. 264 (App. Div. 1974), cert. den. 64 N.J. 512 (1974) which was another wrongful death action arising from an automobile collision with a state trooper. In that case plaintiff relied on the second P, T. & L. decision to state that N.J.S.A. 52:4A-1 was interim legislation imposing only a moratorium on civil actions, and not a reinstatement of the pre-Willis rule. While P, T. & L. held that the statute did not repudiate the State's contractual obligations, the Appellate Division in Perillo would not extend this holding to tort actions, stating:
It must be recognized that in the context of governmental contract immunity such an interpretation was necessary to avoid the possibility of an unconstitutional impairment of contract rights. No problem of a similar dimension is present in the context of governmental tort immunity to warrant an extension of second P.T. & L. rationale to this case. In fact, the third P.T. & L. Construction Co. v. Commissioner, Department of Transportation, 60 N.J. 308, 315 (1972), specifically recognized the different policy considerations applicable to tort claims. It should also be noted that N.J.S.A. 52:4A-1 was amended to continue the bar to claims in tort after third P.T. & L. [at 268].
The amended complaint as filed asserts a claim for malicious prosecution and does, in the opinion of this court, allege in its first count a violation (by the State through its agents and employees) of plaintiff Strauss' constitutional right to due process and is, therefore, within the exception to the statutory bar set forth in N.J.S.A. 52:4A-1.
For the aforestated reasons, defendant State of New Jersey's motion to dismiss the first count of the amended complaint is denied.