**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3620
_____

CHRISTOPHER CHAVARRIA,
                                        Petitioner
v.

STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:18-cv-14971)
District Judge: Honorable William J. Martini
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 19, 2021

Before: CHAGARES, BIBAS, and FUENTES, *Circuit Judges*

(Filed:  November 23, 2021)

_____

**OPINION**[*]
_____

BIBAS, *Circuit Judge*.

To win a lawsuit, a plaintiff must sue the right defendants and explain how they violated

his rights. Christopher Chavarria did neither. He sued New Jersey for claims that he could

_____

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

bring only against individual officers. And he never explained how the State broke the law. So we will affirm the District Court's dismissal.

Chavarria sued New Jersey and several state troopers in state court. His complaint offered few facts. He said that a state trooper pulled him over. Then, the trooper claimed that he could smell marijuana and asked Chavarria to take a breathalyzer test. Chavarria refused, so the trooper searched his car and arrested him. Eventually, the charges were dismissed.

In his suit, Chavarria claimed that New Jersey and the troopers had prosecuted him maliciously and violated the New Jersey Law Against Discrimination, N.J. Stat. Ann. §§ 10:5-4, 10:5-4.1, 10:5-12(f). And he claimed federal and state civil-rights violations, citing 42 U.S.C. §§ 1983, 1985, 1986, 1988 and N.J. Stat. Ann. §§ 10:1-1, 10:1-2. Chavarria served his complaint on the State but not the troopers. So the state court dismissed the troopers from the case. That left only New Jersey.

New Jersey removed the case to federal court. At first, the State took too long to respond, so the District Court entered a default against it. But the court later set the default aside and let the State respond. New Jersey then moved to dismiss.

The court granted that motion. It ruled that New Jersey had not waived its sovereign immunity from liability. Chavarria appeals, insisting that the troopers are still defendants and that the State had waived its immunity. The District Court had jurisdiction over Chavarria's claims under 28 U.S.C. §§ 1331 and 1367(a), and we have jurisdiction under § 1291. We review the District Court's setting aside the default for abuse of discretion. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1998). We review

its dismissal de novo. *Free Speech Coal., Inc. v. Att'y Gen.*, 677 F.3d 519, 529–30 (3d Cir. 2012).

1. *The parties*. The District Court properly found that New Jersey was the only defendant left in the case. The troopers were never served, so they were dismissed. And they were never reinstated. Thus, they are not parties. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

2. *The default*. The court did not abuse its discretion by setting aside the default judgment and letting New Jersey respond. District courts are free to set aside defaults as long as they consider possible prejudice to the plaintiff, the defendant's fault for its delayed response, and the merits of the defendant's defense. *$55,518.05*, 728 F.2d at 194–95. Especially when the defendant has a strong defense, we encourage courts to set aside defaults. *See id.* at 195. Here, the District Court considered arguments on these factors, so it rightly set the default aside.

3. *The civil-rights claims*. The District Court was also correct to dismiss Chavarria's civil-rights claims. The federal and state statutes authorize suits against any "person" who violates someone else's civil rights. 42 U.S.C. §§ 1983, 1985; N.J. Stat. Ann. § 10:6-2. But states are not "persons." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brown v. State*, 124 A.3d 243, 255 (N.J. App. Div. 2015), *rev'd on other grounds*, 165 A.3d 735 (N.J. 2017). Because these laws do not authorize suits against the State, the court correctly dismissed these claims.

4. *The other claims*. Chavarria's malicious-prosecution and discrimination claims likewise fail. The District Court rightly dismissed them, though for the wrong reason. It

mistakenly thought that New Jersey had kept its sovereign immunity. But New Jersey waived its immunity from federal *suit* by removing this case to federal court. *Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3d Cir. 2008). And it has waived its immunity from *damages* for both claims by statute. *Raeford v. Bozinovski*, 2013 WL 1845516, at *1 (Super. Ct. N.J. May 3, 2013) (per curiam) (discrimination claims); *Strauss v. State*, 330 A.2d 646, 650 (N.J. Super. Ct. Law Div. 1974) (malicious-prosecution claims).

Even so, we may affirm on any ground supported by the record. *Watters v. Bd. of Sch. Dirs.*, 975 F.3d 406, 412 (3d Cir. 2020) (internal quotation marks omitted). And here, Chavarria did not adequately plead those claims. He needed to give enough "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Yet Chavarria's complaint never said that he is part of a class protected by state antidiscrimination law. *See* N.J. Stat. Ann. § 10:5-12(f)(1). Nor did it explain how the police lacked probable cause to arrest him, as required for malicious prosecution. *See Helmy v. City of Jersey City*, 836 A.2d 802, 806 (N.J. 2003). So the District Court properly dismissed these claims too.

In short, the District Court rightly set aside the default. New Jersey is not a proper defendant for Chavarria's civil-rights claims. The troopers are not in this federal suit. And Chavarria did not allege enough facts to show discrimination or malicious prosecution. So we will affirm the District Court's dismissal.

4